Dr. Jesus **TURULLOLS** et al., **Appellants,**

v.

**SAN FELIPE COUNTRY CLUB** et al., **Appellees.**

No. 14853.

Court of Civil Appeals of Texas, San Antonio.

Sept. 2, 1970.

Rehearing Denied Sept. 30, 1970.

Pete Tijerina, Mario Obledo, Gerald R. Lopez, Mayo J. Galindo, San Antonio, Mike V. Gonzales, Del Rio, for appellants.

Foster, Lewis, Langley, Gardner & Hawn, Ralph Langley, Emerson Banack, Jr., San Antonio, for appellees.

KLINGEMAN, Justice.

This is a suit by three taxpayers of the City of Del Rio, appellants here, against the San Felipe Country Club, and other parties,[1] seeking to have a deed from the City of Del Rio to San Felipe Country Club declared void, to have a lease agreement between the City of Del Rio and San Felipe Country Club declared void or terminated, to enjoin the San Felipe Country Club from carrying on certain alleged discriminatory practices, and for damages. The City of Del Rio was one of the defendants in appellants' First Original Petition, and was served with citation thereon. Appellants thereafter filed their First Amended Original Petition, in which the City of Del Rio was dropped as the defendant, but was named a party plaintiff. No copy of such amended petition was ever furnished the City of Del Rio, nor was the City of Del Rio notified of the hearing on the motions for summary judgment and plea in abatement. The City of Del Rio did not appear or take part in any of the court proceedings. The trial court sustained appellees' plea in abatement and dismissed said suit with prejudice. The court then granted appellees' motion for partial summary judgment, and denied appellants' motion for partial summary judgment.

In 1935, the City of Del Rio purchased a tract of approximately 89 acres from the San Felipe Country Club, which tract was the site of the San Felipe Golf Course and Country Club, and on which, was located the spring of water used by the City of Del Rio for its water supply. The consideration recited in such deed was the assumption by the City of Del Rio of an indebtedness owing by the San Felipe Country Club in the approximate sum of $22,490.00, the execution and delivery coincident with the deed of a lease of the land conveyed for a term of 99 years to the San Felipe Country Club for a nominal rental of $1.00 per year, and the furnishing by the city, free of charge, sufficient water to maintain the golf course and club. On the same day, such a lease was entered into between the City of Del Rio and San Felipe Country

---

1. The other appellees are Does A through Z (former members and present members of the Board of Directors and members of the San Felipe Country Club).

Club according to the terms and conditions of the deed, which lease also provided that there was excepted from the operation of such lease the spring of water used by the City of Del Rio for its water supply. San Felipe Country Club bound itself to keep the golf course in good condition during the whole term of the lease.

By resolution dated October 12, 1965, the City Commission of the City of Del Rio approved a motion to sell 8 acres incompassing the present club house and appurtenances thereto to the San Felipe Country Club; and on such date, the City of Del Rio conveyed to San Felipe Country Club such 8 acres of land. This deed recites a consideration of $500.00 cash paid. This deed is one of the instruments appellants seek to set aside, the other being the lease agreement between the City of Del Rio and San Felipe Country Club executed in 1935.

It is appellees' contention that the trial court correctly granted appellees' plea in abatement and motion for partial summary judgment on the grounds that appellants did not have a justiciable or litigable interest in the subject matter of the suit.

Appellants assert three points of error on this appeal:

First Point: Since Article 1015c., Vernon's Annotated Civil Statutes, permits "Any Taxpayer" to file suit in district court to enforce the provisions of the article, the trial court erred in sustaining appellees' plea in abatement.

Second Point: Since Article 6252–16 provides that a civil action for preventive relief may be instituted by the "person aggrieved", the trial court erred in sustaining appellees' plea in abatement as to appellants' second cause of action.

Third Point: Since the pleadings, answer to requests for admissions, and exhibits show that no election was held as required by Articles 1015c., 1017, and 1019, Vernon's Annotated Civil Statutes, the trial court erred in granting defendants' mo-

tion for partial summary judgment and in denying plaintiffs' motion for partial summary judgment.

In most cases of this nature, in the absence of a statute, it has usually been required that in order for a plaintiff to maintain such a cause of action, he must be a person aggrieved, or a person whose interests are adversely affected, or a person having a special interest in the matter. Scott v. Board of Adjustment, 405 S.W. 2d 55, (Tex.1966); City of San Antonio v. Stumburg, 70 Tex. 366, 7 S.W. 754 (1888); San Antonio Conservation Society v. City of San Antonio, 250 S.W.2d 259, (Tex.Civ. App.—Austin 1952, writ ref'd). A good discussion of the rights of a citizen or taxpayer to test the legality of local official conduct or governmental action is found in Scott v. Board of Adjustment, supra, where the Supreme Court upheld the statutory right of three taxpayers of the City of Corpus Christi to maintain a suit challenging certain governmental action of the City of Corpus Christi and its Board of Adjustment.

Appellants premised their standing to sue on Article 1015c., V.A.C.S. Such article authorizes cities to build, purchase, or encumber golf courses, golf course club houses, swimming pools, and other recreational projects. Section 2 of said act provides that none of the projects authorized in Section 1 of such act shall ever be sold until such sale is authorized by a majority vote of the qualified voters of such city or town. Section 4 provides for the keeping of certain records and accounts, and that the failure to do so shall constitute a misdemeanor with fines of $100.00 to $1,-000.00 on conviction thereof. Said section further provides that any taxpayer residing within such city or town, or holder of such indebtedness, shall have the right by appropriate civil action in the district court of the county in which such city or town is located to enforce the provisions of this act.

■ Appellees concede on this appeal that no election was held authorizing such

sale, and that the sale, complained of was not executed in compliance with the provisions of Article 1015c. They assert, however, that Article 1015c., V.A.C.S., does not confer a justiciable interest in appellants to institute this cause, and that the provision in Section 4, authorizing a taxpayer to bring an action in the district court, only authorizes a civil action by such taxpayer to require the mayor of such city to install and maintain the accounting records provided for in Section 4. We do not agree with this construction of such statute. It is to be noted that such statute provides in part that "any taxpayer * * shall have the right by appropriate civil action in the District Court of the county in which such city or town is located to enforce the provisions of this *Act*." [emphasis supplied] It is a fundamental rule that a statute be construed as a whole, and that all of its parts be harmonized if possible, so as to give effect to the entire act according to the evident intention of the legislature. Pursuant to this rule, a court that is called on to interpret a statute will consider, examine, read, and view the act in its entirety. 53 Tex.Jur.2d, Statutes, Sec. 160, page 229. In our opinion, if the legislature intended that such suits be restricted to the provisions of Section 4, it would not have used the word "act". The language of a statute is presumed to have been selected and used with care and deliberation, and every word or phrase is presumed to have been used intentionally. Ordinarily, words are presumed to have been used in the sense which they are commonly understood, and when a word has a settled meaning or legal significance, it is presumed to have been used in that sense. 53 Tex.Jur.2d, Statutes, Sec. 181, page 270.

Since in our opinion, the legislature, in Article 1015c., authorized any taxpayer residing within such town or city to enforce the provisions of such act by appropriate civil action in the district court of the county in which that city is located, the trial court erred in dismissing this cause. In so much as the appellants have the right

to bring this suit as taxpayers, we do not reach the question as to whether there was sufficient injury to themselves or their property to be considered as "persons aggrieved".

This opinion is not to be construed as approving or disapproving the action of the City of Del Rio in deeding the 8 acre tract to appellees, or in entering into a lease agreement with appellees as to the 89 acre tract. Our holding is that the plaintiffs are entitled to their day in court. In view of the trial court sustaining appellees' plea in abatement, and dismissing appellants' entire cause of action with prejudice, the court should not have passed on either motion for summary judgment, and its action thereon was of no effect.

The judgment of the trial court is reversed, and the cause is remanded to the district court for trial.

CADENA, J., not participating.