Terry CASEY, Appellant,

v.

The METHODIST HOSPITAL, Appellee.

No. 01–94–00241–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 14, 1995.

Steve Nelson, John W. Donovan, Houston, for appellant.

Boyd Smith, Houston, for appellee.

Before ANDELL, HUTSON–DUNN and PRICE,* JJ.

## OPINION

ANDELL, Justice.

This is an appeal from a take-nothing summary judgment rendered in favor of appellee, the Methodist Hospital, in a medical malpractice action brought by appellant, Terry Casey. In two points of error, Casey contends that the trial court erred in rendering summary judgment in favor of Methodist. We affirm the trial court's judgment.

## I. FACTS AND PROCEDURAL POSTURE

On June 5, 1988, Casey injured her left ring finger while working at Ben Taub Hos-

---

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Hous- ton, sitting by assignment.

pital. She sought treatment for her injury later that afternoon at Methodist's emergency room, where she was treated with pain medication and an ice pack and was then released. Casey returned to the hospital's emergency room later that night, complaining of pain and swelling. Her doctor thought the pain was due to vasospasm, or constriction of the artery, and gave her a carpal tunnel block with pain medication and then released her. When Casey returned again the next morning still experiencing problems, she was admitted as a patient. An arteriogram was performed on her on June 7, and she was subsequently diagnosed with blockage of the arteries of her left hand. A specialist was consulted, and surgery to correct the blockage was performed on June 8. Casey was discharged from Methodist on June 11, 1988, but returned for two follow-up visits in July and August 1988.

Casey claims that Methodist failed to properly diagnose and treat the arterial occlusion in her hand during her two emergency room visits on June 5, 1988. On June 4, 1990, pursuant to TEX.REV.CIV.STAT.ANN. art. 4590i, § 4.01 (Vernon Supp.1995), Casey's attorney notified Methodist of Casey's claim for damages resulting from her treatment at the hospital on June 5, 1988, and requested copies of Casey's medical records.

Casey filed suit against Methodist on August 24, 1990. Methodist did not provide Casey with a copy of her medical records, however, until after suit was filed. Methodist moved for summary judgment on the basis that Casey's claims were barred by the statute of limitations. Casey then amended her petition, claiming that Methodist fraudulently concealed her medical records from her, thereby preventing her from discovering the date her injury occurred. On January 18, 1994, the trial court rendered summary judgment in favor of Methodist. Casey now appeals asserting that the trial court erred in finding that her claim was barred by limitations because: (1) the statute had not run as a matter of law; and (2) Methodist failed to show that there was no genuine issue of material fact concerning Casey's allegations of fraudulent concealment and lack of discovery.

## II. STANDARD OF REVIEW

Summary judgment is proper only when the movant shows that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985); TEX.R.CIV.P. 166a(c). For a defendant to prevail on a motion for summary judgment, it must either: (1) disprove at least one element of the plaintiff's cause of action; or (2) plead and conclusively establish each essential element of an affirmative defense to the plaintiff's cause of action. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984); *Marchal v. Webb*, 859 S.W.2d 408, 412 (Tex.App.—Houston [1st Dist.] 1993, writ denied).

Once a movant has produced competent evidence to establish a right to summary judgment, the burden shifts to the nonmovant to introduce evidence to raise an issue of fact that would preclude summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979); *Marchal*, 859 S.W.2d at 412. In deciding whether there is a disputed issue of material fact, evidence favorable to the nonmovant will be taken as true. *Nixon*, 690 S.W.2d at 548–49. Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *Id.*

## III. ANALYSIS

Methodist moved for summary judgment on the basis that Casey's suit was barred by the statute of limitations. When a defendant moves for summary judgment on the basis of limitations, it assumes the burden of showing as a matter of law that the suit was barred by limitations. *Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex.1983); *Marchal*, 859 S.W.2d at 412. If the defendant conclusively establishes the defense of limitations and the plaintiff resists the summary judgment by asserting the affirmative de-

fense of fraudulent concealment, it is the plaintiff's burden to then produce evidence that raises a fact issue with respect to the fraudulent concealment. *Nichols v. Smith,* 507 S.W.2d 518, 521 (Tex.1974); *Marchal,* 859 S.W.2d at 412.

### (1) Limitations had not expired

Casey first maintains that, as a matter of law, the limitations period on her malpractice cause of action had not expired.

■ The applicable statute of limitations is found in TEX.REV.CIV.STAT.ANN. art. 4590i, § 10.01 (Vernon Supp.1995). That section provides:

> Notwithstanding any other law, no health care liability claim may be commenced unless the action is filed *within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed....*

(Emphasis added.) Thus, under section 10.01, the statute of limitations begins to run from one of three possible dates: (1) the date of the occurrence of the breach or tort; (2) the date the health care treatment that is the subject of the claim is completed; or (3) the date the hospitalization for which the claim is made is completed. *Kimball v. Brothers,* 741 S.W.2d 370, 372 (Tex.1987).

The undisputed summary judgment proof established the following dates as applicable for limitations purposes:

June 5, 1988: Casey's first visited the emergency room at Methodist and was allegedly misdiagnosed;

June 6, 1988: Casey returned to the hospital, was admitted as a patient, and an arteriogram was ordered;

June 7, 1988: arteriogram was performed; occluded artery diagnosed, and surgery recommended;

June 8, 1988: surgery performed;

June 11, 1988: Casey discharged from the hospital;

July & August 1988: Casey returned to the hospital for two follow-up visits;

June 4, 1990: Statutory notice of claim and request for medical records given to Methodist;

August 24, 1990: Casey filed suit; and

September 11, 1990: Methodist provides copy of Casey's medical records.

Although Casey received medical treatment at Methodist as late as August 1988, her complaint against Methodist relates solely to the treatment she received at the emergency room on June 5, 1988. In deposition excerpts and answers to requests for admissions that were attached to Methodist's motion for summary judgment, Casey and her expert witness, Dr. James Hayden, admit that Casey's complaints in this lawsuit are based only on the treatment she received in the emergency room during her two visits on June 5, 1988. Casey's third amended original petition alleges that Methodist was negligent *on June 5, 1988,* because its agents failed: (1) to consult with a vascular specialist; (2) to perform an arteriogram; (3) to properly diagnose the arterial occlusion; and (4) to properly treat the condition.

Casey further admitted that after she returned to Methodist on June 6, 1988, an arteriogram was ordered, she was properly diagnosed, surgery was properly conducted, and she had no further complaints against Methodist regarding her care. Since Casey has made no claim of wrongdoing on the part of Methodist after June 5, 1988, limitations on her cause of action would ordinarily began to run on June 5, 1988. *See Kimball,* 741 S.W.2d at 372 (when precise date of tort is known, limitations begins to run on that date, not from subsequent hospital discharge or last date of treatment); *see also Marchal,* 859 S.W.2d at 417 (treatment following surgery does not extend statute of limitations when complaint concerns the surgical procedure); *De Los Santos v. Southwest Tex. Methodist Hosp.,* 802 S.W.2d 749, 756 (Tex. App.—San Antonio 1990, no writ) (where plaintiff's sole complaint against hospital was based on surgery performed on specific date,

limitations began to run on date of surgery, not date of subsequent hospital discharge), *overruled on other grounds by Lewis v. Blake,* 876 S.W.2d 314, 316 (Tex.1994).

Casey acknowledges that when the precise date of the specific breach or tort is ascertainable from the facts of the case, section 10.01 requires the limitations period to run from the date of the breach or tort, not the date of the hospital discharge or last date of treatment. *Kimball,* 741 S.W.2d at 372. In her response to Methodist's motion for summary judgment and on appeal, however, Casey maintains that even though her complaints center upon events that occurred solely on June 5, 1988, the date of the tort was not readily ascertainable because Methodist refused to provide her with a copy of her medical records until after she filed suit. In support of her response to Methodist's motion for summary judgment, Case attached the affidavits of her attorney and her expert witness that stated that an examination of Casey's medical records was necessary to determine *when* and if negligence happened.

According to TEX.REV.CIV.STAT.ANN. art. 4590i, § 4.01(d) (Vernon Supp.1995), all parties are "entitled to obtain complete and unaltered copies of the claimant's medical records from any other party within 10 days of receipt of a written request for such records." In her notice letter dated June 4, 1990, Casey requested Methodist to provide her with a copy of her medical records. The records were not received by Casey, however, until September 11, 1990, after she had filed suit against Methodist. Casey argues that since her attorney and expert were not able to review the records until after suit was filed, the date of the tort was not readily ascertainable *at the time the lawsuit was filed.* Therefore, she contends that the statute should run from either the date of her discharge from the hospital or the last date of treatment. We disagree.

The three limitation triggering events of section 10.01 were intended to aid a plaintiff who has difficulty ascertaining the precise date that the tort or injury occurred, specifically in circumstances in which the claim arises from a course of treatment or a period of extended hospitalization. *Kimball,* 741 S.W.2d at 372 (citing *Morrison v. Chan,* 668 S.W.2d 483, 485 (Tex.App.—Fort Worth 1984) (en banc), *aff'd,* 699 S.W.2d 205 (Tex. 1985)). Limitations only begins to run from the date of hospital discharge or last date of treatment when a date certain is *not capable* of being determined. *See, e.g., Kimball,* 741 S.W.2d at 372; *Marchal,* 859 S.W.2d at 415. When the tort or injury occurred on a *date certain,* however, that date controls. *Kimball,* 741 S.W.2d at 372; *Marchal,* 859 S.W.2d at 415.

Casey was aware of her injury on the day that it occurred. She knew that her complaints centered upon the alleged failure of Methodist to properly diagnose her condition when she arrived at the emergency room, and that this conduct occurred on a *specific day.* The fact that she might not have remembered the exact date of her injury, or have the medical records to confirm the date, does not overcome the fact that the injury occurred on a *date certain.* Although the affidavits of her attorney and expert witness alleged that a date certain could not be determined until they received a copy of Casey's medical records, the precise date of the alleged negligence was *capable* of being ascertained.[1] Although Methodist was required by statute to provide Casey with a copy of her medical records, its failure to do so does not overcome the fact that her injury did occur on a specific date.[2] Therefore, we hold that Methodist's failure to provide Ca-

---

1. It should be noted that even the notice letter sent by Casey to Methodist stated: "we hereby give written notice of Terry A. Casey's claim for damages and injuries *while treated on June 5, 1988.*" (Emphasis added.) The letter was also captioned: "June 5, 1988 Emergency Room Treatment."

2. Casey had other remedies available to her to acquire her medical records. For example, she could have sought an injunction, had the records subpoenaed, or filed suit in order to obtain them. The proper remedy, however, is not to extend the statute of limitations to the last date of treatment

sey with a copy of her medical records until after suit was filed did not cause the statute of limitations to begin to run from the date of Casey's hospital discharge or the last date of treatment.

Methodist proved as a matter of law that Casey's claims against it are based on acts or omissions that occurred on June 5, 1988. Therefore, this is the date that limitations on Casey's claim began to run. *Kimball,* 741 S.W.2d at 372. When a party gives notice of his or her claim to a health care provider before the expiration of the two-year limitation period, the statute of limitations is tolled for 75 days from the date of the notice. TEX.REV.CIV.STAT.ANN. art. 4590i, § 4.01(c) (Vernon Supp.1995); *Rowntree v. Hunsucker,* 833 S.W.2d 103, 104–105 n. 2 (Tex.1992). Since Casey provided notice of her claim for damages to Methodist on June 4, 1990 (one day before the expiration of the two-year limitation period) she had two years and 75 days from June 5, 1988, to file suit, i.e., August 20, 1990. Because she filed suit on August 24, 1990 (four days too late), her claim was barred by the statute of limitations. The only exception would be if she raised a genuine issue of material fact regarding her claim of fraudulent concealment.

We overrule Casey's first point of error.

## (2) Fraudulent concealment of medical records

Casey's second point of error asserts that the trial court erred by rendering summary judgment in favor of Methodist because Methodist failed to controvert her pleadings and proof of Methodist's fraudulent concealment of her medical records.

■■■ Fraudulent concealment is an equitable doctrine that, when properly invoked, estops a defendant from relying on the statute of limitations as an affirmative defense to a medical malpractice claim when a defendant is under a duty to make disclosure, but fraudulently conceals the existence of a cause of action from the plaintiff. *Borderlon v. Peck,* 661 S.W.2d 907, 909 (Tex.1983). To

show entitlement to the estoppel effect of fraudulent concealment, the plaintiff must show: (1) the defendant had actual knowledge of the wrong; (2) a duty to disclose the wrong; and (3) a fixed purpose to conceal the wrong. *Waters ex rel. Walton v. Del–Ky, Inc.,* 844 S.W.2d 250, 256 (Tex.App.—Dallas 1992, no writ). Once a defendant has conclusively established the affirmative defense of limitations, the burden rests with the plaintiff to come forth with proof that raises a fact issue regarding the elements of fraudulent concealment. *Nichols,* 507 S.W.2d at 521.

■■■ Casey's third amended original petition and her response to Methodist's motion for summary judgment alleged that Methodist fraudulently concealed from her the nature of her condition and its probable cause by failing to timely supply a copy of her medical records. In support of her contentions, she attached the affidavits of her attorney and her expert witness stating that the records were needed to determine when and if negligence had occurred. The affidavit of Casey's attorney showed that he made several requests for Methodist to provide Casey's medical records between June 4, 1990, and the time suit was filed on August 24, 1990, but the records were not provided until after suit was filed. Casey maintains this affidavit constitutes a *prima facie* showing of fraudulent concealment. We disagree. Although the affidavit shows that Methodist failed to timely provide Casey with a copy of her medical records, it wholly fails to establish that Methodist had actual knowledge that a wrong occurred or there was any fixed purpose to conceal the wrong. Therefore, Casey failed to satisfy her burden to raise a fact issue regarding fraudulent concealment. *Nichols,* 507 S.W.2d at 521. Hence, there was no need for Methodist to controvert the affidavits of Casey's medical expert and attorney for Methodist to be entitled to summary judgment.

Moreover, even if Casey had met her summary judgment burden to raise an issue of fact on fraudulent concealment, the estoppel effect ended before Casey filed suit.

or hospital discharge when the injury occurred on a specific date.

The estoppel effect of fraudulent concealment ends when a party learns of facts, conditions, or circumstances which would cause a reasonably prudent person to make inquiry, which, if pursued, would lead to discovery of the concealed cause of action. Knowledge of such facts is in law equivalent to knowledge of the cause of action.

*Borderlon*, 661 S.W.2d at 909. Casey's claim is not that Methodist concealed *her injury* from her such that she could not discover it; rather it is that Methodist concealed *her records* from her *after* such time as she gave Methodist notice of her claim for damages.

Casey's notice letter, which was sent on June 4, 1990, stated that Casey was claiming damages for injuries sustained on June 5, 1988. This clearly shows that Casey knew of "facts, conditions, or circumstances" which would have caused a reasonably prudent person to inquire as of the date of her notice letter. Hence, Casey had sufficient knowledge by June 4, 1990, to end the estoppel effect of fraudulent concealment. Casey still had at least 75 days from June 4 to file suit against Methodist. Therefore, even if Casey had raised a fact issue regarding fraudulent concealment, the record shows as a matter of law that Casey could not assert it as a defense after June 4, 1990.

We overrule Casey's second point of error.

## CONCLUSION

Under TEX.REV.CIV.STAT.ANN. art. 4590i, § 4.01(d), Methodist was obligated to deliver a copy of Casey's medical records within 10 days after it received Casey's written request. Whatever relief may be afforded to a party when a health care provider fails to timely provide a copy of the party's medical records, the failure does not allow the two-year statute of limitations to run from the last date of treatment or the date of the hospital discharge when the injury occurred on a date certain. Since Casey did not file suit within two years and 75 days from the date of the alleged misdiagnosis, the trial court correctly found that Casey's cause of action was barred by the two-year statute of limitations.

Casey furthermore failed to satisfy her burden to come forward with proof to raise an issue of fact concerning whether Methodist fraudulently concealed her cause of action from her. Therefore, the evidence showed as a matter of law that Methodist was entitled to summary judgment.

We overrule points of error one and two.

We affirm the trial court's judgment.