OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS


August 11, 1999

The Honorable J.E. "Buster" Brown
Chair, Natural Resources Committee
Texas State Senate
P.O. Box 12068
Austin, Texas 78711-2068

Opinion No. JC-0095

Re:    Whether the Gulf Coast Waste Disposal
Authority is a soil and water conservation district
for purposes of article XVI, section 40 of the
Texas Constitution, and related question:
Reconsideration of Attorney General Letter
Opinion No. 98-124 (RQ-0015)

Dear Senator Brown:

You have requested our reconsideration of Attorney General Letter Opinion No. 98-124, which held, inter alia, that a municipal judge of the City of Houston was barred by article XVI, section 40, of the Texas Constitution from simultaneously holding the office of director of the Gulf Coast Waste Disposal Authority ["the GCWDA"]. You raise two issues that were not addressed in the earlier opinion. For the reasons indicated below, we again must conclude that the simultaneous holding of those two positions is impermissible, and accordingly, we affirm the conclusion of Letter Opinion 98-124.

Article XVI, section 40, provides, in relevant part:

No person shall hold or exercise at the same time, more than
one civil office of emolument, except . . . the officers and directors of
soil and water conservation districts . . . .

TEX. CONST. art. XVI, § 40. You suggest, first, that a member of the Board of Directors of the GCWDA is excepted from the constitutional prohibition because it is a "soil and water conservation district." See Letter from Honorable J. E. "Buster" Brown, Texas State Senator, to Honorable John Cornyn, Texas Attorney General (Jan. 19, 1999) (on file with Opinion Committee) [hereinafter "Request Letter"]. The GCWDA is "a conservation and reclamation district and a political subdivision created by the Texas Legislature pursuant to article XVI, section 59 of the Texas Constitution." Tex. Att'y Gen. LO-98-124, at 1. The purpose of the GCWDA is to develop and effectuate a regional water quality management program for Chambers, Galveston, and Harris counties. See id.

In Letter Advisory No. 31, upon which the individual municipal judge in question has relied, the Attorney General considered whether an assistant executive director of a state agency was eligible to serve simultaneously as a director of a river authority. The opinion appears to suggest, without explicitly so finding, that the term "soil and water conservation district" includes a river authority:

> If the [r]iver authority to which you refer may be classified as a soil and water conservation district, and *it seems that river districts are generally classed as soil and water conservation districts under Title 128, V.T.C.S.*, then a position as its director is exempt from the prohibition by Section 40, Article 16, of dual employment.

Tex. Att'y Gen. LA-31 (1973) at 2 (emphasis added). In a subsequent opinion, however, this office, without referring to Letter Advisory No. 31, adopted a narrow reading of the term:

> We do not believe that a director of a drainage district falls within the article 16, section 40 exception relating to directors of soil and water conservation districts. Drainage districts are created pursuant to chapter 56 of the Texas Water Code. Soil and water conservation districts, on the other hand, are created under article 165a-4, V.T.C.S. [now chapter 201, Texas Agriculture Code]. The Legislature is presumed to have chosen the language of its statutes, and particularly the language of the Constitution, with care and deliberation, and when a word has a settled meaning or legal significance, it is presumed to have been used in that sense. Turullols v. San Felipe Country Club, 458 S.W.2d 206, 209 (Tex. Civ. App.–San Antonio 1970, writ ref'd n.r.e.); see Alexander v. State, 204 S.W. 644, 647 (Tex. Crim. App. 1918). While there are general terms such as "conservation and reclamation districts" which could embrace both drainage districts and soil and water conservation districts, the Legislature did not use a generic term. The phrase it did use, "soil and water conservation districts," has a settled legal meaning and does not include drainage districts.

Tex. Att'y Gen. LA-150 (1978) at 2 (citation omitted). Letter Advisory No. 150 did not elaborate on the "settled legal meaning" of the term "soil and water conservation district." *Id.* Chapter 201 of the Agriculture Code, however, does so.

The State Soil Conservation Act was first enacted in 1939 as article 165a-4 of the Revised Civil Statutes. *See* Act of April 11, 1939, 46th Leg., R.S., ch. 3, 1939 Tex. Gen. Laws 7. It provided for a State Soil Conservation Board and five district boards. *See id.* § 4, at 10-14. In 1965, the name "soil conservation district" was changed to "soil and water conservation district." Act of April 29, 1965, 59th Leg., R.S., ch. 176, 1965 Tex. Gen. Laws 370. The purpose of the enactment, as its name

suggests, was and is to preserve and conserve the soil and related resources of the state for the control and prevention of soil erosion, and thereby preserve natural resources, control floods, protect dams, reservoirs, and navigability of rivers and harbors, among others. *See* TEX. AGRIC. CODE ANN. § 201.001 (Vernon 1982 & Supp. 1999). Soil and water conservation districts are created on petition to the State Soil and Water Conservation Board by eligible voters in a given territory. *See id.* § 201.041 (Vernon 1982). These districts have the authority to undertake measures to conserve soil and prevent soil erosion, including the authority to adopt ordinances regulating land use on land within the district in the interest of conserving soil and soil resources and preventing and controlling soil erosion. *See id.* §§ 201.101-.108 (Vernon 1982 & Supp. 1999); §§ 201.121-.133 (Vernon 1982).

In our opinion, the GCWDA is not a soil and water conservation district created under chapter 201 of the Agriculture Code. Rather, as has been noted, that entity is created by special act of the legislature to focus on the development of a regional water quality plan for certain counties. *See* Tex. Att'y Gen. LO-98-124. Letter Advisory No. 150 provides a well reasoned and persuasive legal analysis in concluding that the term "soil and water conservation district," for purposes of article XVI, section 40, should be narrowly construed to apply only to those entities actually designated as such by the legislature. *See* Tex. Att'y Gen. LA-150 (1978) at 2. Opinions subsequent to Letter Advisory No. 150 have affirmed the specialized meaning of the term "soil and water conservation district." *See, e.g.,* Tex. Att'y Gen. Op. No. JM-172 (1984) at 3 (river authorities do not constitute "soil and water conservation districts" within the meaning of article XVI, section 40); Tex. Att'y Gen. LO-90-18 (Red River County Water District is not a "state soil and water conservation district"). Additionally, the legislature has met in regular session ten times since 1978 without casting doubt on the conclusion of that opinion. While it is easy to discern the basis for confusion stemming from the two opinions, we are obliged to determine that the GCWDA is not a soil and water conservation district under the meaning of article XVI, section 40, and that consequently, a member of the GCWDA is not thereby excepted from the constitutional prohibition. To the extent that Letter Advisory No. 31 may be read to conclude otherwise, we confirm its earlier demise and expressly overrule the opinion.[1]

You also contend that, even if the GCWDA is not a soil and water conservation district, its officers are not precluded from simultaneously holding the offices of municipal judge and GCWDA director, by virtue of the benefit proviso of article XVI, section 40. That proviso states:

> It is further provided that a nonelective State officer may hold other nonelective offices under the State or the United States, if the other office is of benefit to the State of Texas or is required by the State or Federal law, and there is no conflict with the original office for which he receives salary or compensation.

---

[1] Letter Advisory No. 31 (1973) was incorrect in distinguishing between a "public office" and a "civil office."; *see* Tex. Att'y Gen. Op. No. JM-480 (1986). The term "civil office" is used in the Texas Constitution in contrast to the term "military office." *See also* BLACKS LAW DICTIONARY 224 (5th ed., 1979) (A civil office is "[a] non-military public office; one which pertains to the exercise of the powers or authority of government.").

TEX. CONST. art. XVI, § 40. This office addressed the benefit proviso in a 1996 opinion that considered whether an individual was permitted by article XVI, section 40, to simultaneously hold more than one municipal judgeship. *See* Tex. Att'y Gen. Op. No. DM-428 (1996). The opinion concluded that, while the legislature is the appropriate body to determine, *as a general matter,* whether, and under what circumstances, the holding of multiple offices is of benefit to the state, the resolution of the benefit question *in a particular instance* requires a factual determination which this office cannot undertake in the opinion process.[2] *See id.* at 3-4. Subsequently, in Letter Opinion No. 97-027, this office considered whether an individual could simultaneously hold the positions of assistant municipal judge and director of the Brazos River Authority. That opinion determined that "a member of the board of directors of the Brazos River Authority may not simultaneously serve as a municipal judge unless a court finds that the holding of the second office is 'of benefit to the State of Texas.'" Tex. Att'y Gen. LO-97-027, at 2.

In our view, the circumstances you describe present a similar dilemma. While we have no doubt that the individual in question provides a clear benefit to the state in both of his positions, it is not for us to make the determination that the holding of both offices satisfies the constitutional requirement. We conclude that, absent a legislative or other appropriate determination that a person who is a municipal judge benefits the state by holding a second office, an individual may not simultaneously serve as a municipal judge and as a director of the Gulf Coast Waste Disposal Authority. Attorney General Letter Advisory No. 31 (1973) is overruled.

---

[2]In response to Attorney General Opinion DM-428, the legislature authorized the holding of more than one municipal judgeship. *See* TEX. GOV'T CODE ANN. § 574.001(b) (Vernon Supp. 1999).

## SUMMARY

The Gulf Coast Waste Disposal Authority is not a soil and water conservation district under the provisions of article XVI, section 40, of the Texas Constitution. Whether the simultaneous holding of the offices of municipal judge and director of the Gulf Coast Waste Disposal Authority is of benefit to the State of Texas presents questions of fact which cannot be resolved in the opinion process. Attorney General Letter Advisory No. 31 (1973) is overruled.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General - Opinion Committee