

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00179-CV

_____

STACEY BURTON, Appellant

V.

PHILIPS K. LABOR, INDIVIDUALLY; EYE CONSULTANTS OF TEXAS, P.A.;
AND LONESTAR AMBULATORY SURGICAL CENTER, L.L.C., Appellees

On Appeal from the 153rd District Court
Tarrant County, Texas
Trial Court No. 153-284554-16

Before Gabriel, Pittman, and Bassel, JJ.
Memorandum Opinion by Justice Gabriel

**MEMORANDUM OPINION**

In this medical-negligence appeal, we are asked whether the trial court erred by granting Appellees' summary-judgment motion after appellant Stacey Burton pleaded the discovery rule and fraudulent concealment in response to Appellees' pleaded affirmative defense of limitations. Because Burton conceded in the trial court that the discovery rule is inapplicable and because any alleged fraudulent concealment did not extend the applicable limitations period under the facts presented, the trial court did not err by granting Appellees judgment as a matter of law.

## I. BACKGROUND

### A. THE HEALTHCARE-LIABILITY CLAIM

In 2001, Burton had LASIK[1] vision-correction surgery on both eyes to correct myopia. Appellees did not perform the LASIK surgery. Beginning in 2005, Burton began having issues with her vision, especially her near vision. In 2009, Burton began wearing a near-vision contact lens for her left eye to decrease her reliance on reading glasses.

In late 2012, Burton consulted appellee Dr. Philips K. Labor, who owned and did business as appellee Eye Consultants of Texas, P.A., about her inability to read fine print and a decrease in her distance vision. Labor found the onset of cataracts and recommended an interocular-lens replacement. On March 7, 2013, Labor

---

[1]LASIK is an acronym for laser in situ keratomileusis.

performed cataract-removal surgery with an interocular-lens replacement on Burton's right eye. The surgery occurred at appellee Lonestar Ambulatory Surgical Center, L.L.C., also owned by Labor. Within a month after the surgery on her right eye, Burton became concerned that her vision was not improving as expected. When she had the same surgery on her left eye in April 2013, Burton noticed that the vision in her left eye improved but that her right eye continued to have problems. Labor continued to treat Burton's eyes, performing additional procedures in unsuccessful attempts to address Burton's reported problems. On July 25, 2014, one day after Labor performed a follow-up procedure on Burton's left eye, Burton requested that Eye Consultants forward her medical records to her subsequent physician. Burton repeatedly requested that her medical records be forwarded between August 21 and December 11, 2014, but Eye Consultants did not send the records to Burton's subsequent physician until January 26, 2015.

Burton sent a notice of claim to Appellees on January 14, 2016, and filed a healthcare-liability suit against them on March 25, 2016—three years after her right-eye surgery. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.051(a). Burton also served on Appellees the expert report of Dr. Jayne S. Weiss who opined that Labor and Eye Consultants breached the standard of care by incorrectly entering into the pre-surgery calculations that Burton had prior *hyperopic* LASIK instead of the procedure she actually had in 2001—*myopic* LASIK. *See id.* § 74.351(a). Appellees answered and specifically pleaded the affirmative defense of limitations. *See* Tex. R. Civ. P. 94.

3

Burton filed a supplemental petition alleging the discovery rule and fraudulent concealment in response to Appellees' affirmative defense. *See* Tex. R. Civ. P. 69. She filed a second supplemental petition alleging that Lonestar was vicariously liable for Labor's and Eye Consultant's breaches.

### B. SUMMARY JUDGMENT AND APPEAL

Appellees filed a combined traditional and no-evidence motion for summary judgment. *See* Tex. R. Civ. P. 166a(b)–(c), (i). In their traditional motion, Appellees argued that Burton's claim was time-barred and that the discovery rule is inapplicable to healthcare-liability claims. In their no-evidence motion, Appellees argued that there was no evidence they were negligent or had committed fraudulent concealment. In her summary-judgment response, Burton conceded that the discovery rule was inapplicable, but she continued to rely on fraudulent concealment to estop Appellees from relying on limitations. Burton additionally conceded in her response that her negligence claim accrued on March 7, 2013—the date of the cataract-removal surgery on her right eye.

On April 30, 2018, the trial court granted Appellees' traditional and no-evidence motion without stating the specific grounds. Burton appeals and argues in her second issue that summary judgment in Appellees' favor was in error because the discovery rule tolled the limitations period and because Appellees' fraudulent concealment estopped them from relying on limitations to dismiss her claim. In her

4

first issue, Burton argues that she raised genuine issues of material fact on her medical-negligence claim, precluding the entry of summary judgment.

## II. TRADITIONAL SUMMARY JUDGMENT: ACCRUAL AND DISCOVERY RULE

In the trial court, Appellees sought a traditional summary judgment on Burton's healthcare-liability claim based on their affirmative defense of limitations and on Burton's reliance on the discovery rule. *See* Tex. R. Civ. P. 166a(b)–(c). We review a traditional summary judgment de novo and consider the evidence in the light most favorable to the nonmovant—Burton. *See Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). Because Appellees moved for summary judgment on the basis that the statute of limitations had expired, they must conclusively establish the defense as a matter of law and conclusively negate any pleaded tolling doctrines such as the discovery rule. *See Jennings v. Burgess*, 917 S.W.2d 790, 793 (Tex. 1996).

The statute of limitations for healthcare-liability claims is two years. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.251(a); *Jennings*, 917 S.W.2d at 793. In her summary-judgment pleadings, Burton did not dispute this or that her claim accrued on the date of her right-eye surgery—March 7, 2013.[2] *See generally Shah v. Moss*, 67 S.W.3d 836, 841 (Tex. 2001) ("[I]f the date the alleged tort occurred is ascertainable, limitations must begin on that date."). She further recognized that the

---

[2]No party argued to the trial court that the ten-year statute of repose was at issue. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.251(b).

discovery rule was inapplicable to toll the two-year period and that her attempt to so plead was "inartful." *See Jennings*, 917 S.W.2d at 793; *Gale v. Lucio*, 445 S.W.3d 849, 854 (Tex. App.—Houston [1st Dist.] 2014, pet. denied). Indeed, Burton stated in her summary-judgment response that the "no-evidence issues raised by [Appellees] are the determinative ones." Accordingly, the trial court did not err by granting Appellees' traditional motion for summary judgment because they conclusively established that Burton filed her claim more than two years after it had accrued and Burton withdrew her reliance on the discovery rule to toll the limitations period. *See generally* Tex. R. Civ. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal.").

### III. NO-EVIDENCE SUMMARY JUDGMENT: FRAUDULENT CONCEALMENT

Appellees moved for a no-evidence summary judgment on Burton's fraudulent-concealment defense, arguing that Burton had produced less than a scintilla of evidence on each of the fraudulent-concealment elements. *See* Tex. R. Civ. P. 166a(i) & 1997 cmt. Burton responded that Appellees' six-month delay in forwarding her medical records, which revealed that Appellees "used incorrect lens calculations" for her right-eye cataract surgery, was "important evidence to a finding of an intent to conceal" by Appellees. *See generally* Tex. Occ. Code Ann. § 159.006(d) (providing fifteen-day deadline for physician to produce "complete billing or medical records of the patient to the subsequent or consulting physician").

6

Similar to our review of a traditional summary judgment, we review Appellees' no-evidence summary judgment de novo, viewing the record in the light most favorable to Burton. *See Starwood Mgmt., LLC v. Swaim*, 530 S.W.3d 673, 678 (Tex. 2017); *Timte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). To avoid a no-evidence summary judgment on a conclusively established limitations defense, a plaintiff seeking to rely on the fraudulent-concealment counter-defense has the burden to bring forth more than a scintilla of evidence as to each of the fraudulent-concealment elements. *Haas v. George*, 71 S.W.3d 904, 913 (Tex. App.—Texarkana 2002, no pet.); *cf. See ExxonMobil Corp. v. Lazy R Ranch, LP*, 511 S.W.3d 538, 544 (Tex. 2017) (discussing summary-judgment burden on fraudulent-concealment defense to limitations in context of traditional motion); *United Healthcare Servs., Inc. v. First St. Hosp. LP*, No. 01-17-00237-CV, 2018 WL 6215960, at \*14 (Tex. App.—Houston [1st Dist.] Nov. 29, 2018, no pet. h.) (same).

Fraudulent concealment is a fact-specific, estoppel counter-defense to an assertion of limitations and has four elements: (1) actual knowledge that a wrong occurred, (2) a fixed purpose to conceal the wrong, (3) the wrong was in fact concealed, and (4) the plaintiff's reasonable reliance on the facts upon which fraudulent concealment is premised. *See Shell Oil Co. v. Ross*, 356 S.W.3d 924, 927 (Tex. 2011); *BP Am. Prod. Co. v. Marshall*, 342 S.W.3d 59, 67 (Tex. 2011); *Davenport v. Adu-Larty*, 526 S.W.3d 544, 555 (Tex. App.—Houston [1st Dist.] 2017, pet. denied). Fraudulent concealment will estop a defendant from relying on an established

7

limitations defense only until the fraud was discovered or could have been discovered with reasonable diligence. *Valdez v. Hollenbeck*, 465 S.W.3d 217, 230 (Tex. 2015); *BP Am. Prod.*, 342 S.W.3d at 67.

Burton asserts that she produced more than a scintilla of evidence that Appellees fraudulently concealed her claim through her argument that Appellees spoliated evidence when they failed to include her medical-records requests in the records themselves. She contends that the absence of her requests in her medical records raises an "inference" of spoliation, allowing a presumption that the missing evidence is unfavorable to Appellees and providing circumstantial evidence of fraudulent concealment. Appellees argue on appeal that Burton never asserted spoliation in the trial court. Burton mentioned spoliation once in her supplemental summary-judgment response but only in a conclusory manner.[3] Similarly, Burton's spoliation argument on appeal is nothing more than a conclusory assertion that Appellees spoliated evidence and that we may, therefore, presume that the missing evidence was favorable to her. Because Burton did not sufficiently raise and argue spoliation in the trial court or in this court, we will not address the issue or consider this assertion in our summary-judgment review. *See* Tex. R. Civ. P. 166a(c)

---

[3]The entirety of Burton's spoliation argument in the trial court was as follows: "Th[e] omission of documents showing when and for how long Plaintiff sought her records is evidence that supports an inference and finding of spoliation or fraudulent concealment on the part of Defendants, particularly in light of [Burton's] evidence of requests dating back since at least July of 2014." There was no other mention of spoliation in the trial court.

(precluding consideration of grounds not raised in trial court to reverse summary judgment); *Marin Real Estate Partners, L.P. v. Vogt*, 373 S.W.3d 57, 75 (Tex. App.—San Antonio 2011, no pet.) (holding clear-and-concise requirement of argument in appellate brief "not satisfied by conclusory statements"); *cf. Colvin v. Alta Mesa Res., Inc.*, 920 S.W.2d 688, 690 (Tex. App.—Houston [1st Dist.] 1996, writ denied) (holding if nonmovant does not present issues precluding movant's entitlement to summary judgment, nonmovant is limited to attacking sufficiency of grounds asserted by movant).

"Fraudulent concealment ceases to be a defense to limitations when a party learns of 'facts, conditions, or circumstances which would cause a reasonably prudent person to make inquiry, which, if pursued, would lead to discovery of the concealed cause of action.'" *Rubalcaba v. Kaestner*, 981 S.W.2d 369, 376 (Tex. App.—Houston [1st Dist.] 1998, pet. denied) (quoting *Borderlon v. Peck*, 661 S.W.2d 907, 909 (Tex. 1983)); *see also Etan Indus., Inc. v. Lehmann*, 359 S.W.3d 620, 623 (Tex. 2011). Burton testified at her deposition that as soon as one month after her March 2013 right-eye surgery, she was aware that the vision in her right eye was not improving as expected. She stated in her declaration that within four months of the right-eye surgery, she "realized that [her] vision had become worse than before the surgery." Therefore, Burton was aware of facts that would cause a reasonably prudent person to diligently inquire, leading to the discovery of her healthcare-liability claim. Burton's knowledge of these facts, as well as her failure to diligently investigate, equated to knowledge of

9

her claim and rendered fraudulent concealment inapplicable as a matter of law. *See Valdez*, 465 S.W.3d at 229–31; *Shell Oil*, 356 S.W.3d at 927–29; *Borderlon*, 661 S.W.2d at 909; *Davenport*, 526 S.W.3d at 555–56; *Rubalcaba*, 981 S.W.2d at 376–77; *Casey v. Methodist Hosp.*, 907 S.W.2d 898, 903–04 (Tex. App.—Houston [1st Dist.] 1995, no writ).

To establish more than a scintilla of evidence that Appellees actually and fraudulently concealed Burton's healthcare-liability claim—Appellees used an incorrect lens calculation for her right-eye surgery—Burton primarily relies on her unanswered requests for her medical records and Surgery Consultant's office administrator's lack of recollection of her requests. But Appellees' delay in forwarding Burton's medical records does not show that Appellees actually concealed her healthcare-liability claim. *See Rubalcaba*, 981 S.W.2d at 374–76; *Casey*, 907 S.W.2d at 903. In other words, any delay in forwarding Burton's medical records is not evidence that Appellees had actual knowledge that a wrong occurred and had a fixed purpose to conceal it. *See Casey*, 907 S.W.2d at 903 ("Although the affidavit [of Casey's attorney] shows that Methodist [Hospital] failed to timely provide Casey with a copy of her medical records, it wholly fails to establish that Methodist had actual knowledge that a wrong occurred or there was any fixed purpose to conceal the wrong."). And in any event, Burton possessed facts that should have led her to investigate her injury notwithstanding the delay in forwarding her medical records.

10

Accordingly, Burton did not produce more than a scintilla of evidence raising a fact issue that Appellees actually and fraudulently concealed her claim. *See, e.g.*, *Earle v. Ratliff*, 998 S.W.2d 882, 888–89 (Tex. 1999); *Grimes v. Cesar*, No. 07-05-0309-CV, 2006 WL 1547767, at *1–2 (Tex. App.—Amarillo June 7, 2006, no pet.) (mem. op.); *Casey*, 907 S.W.2d at 903. Thus, the trial court did not err by granting Appellees a no-evidence summary judgment on Burton's fraudulent-concealment defense.

## IV. CONCLUSION

Burton admittedly was put on notice of her healthcare-liability claim shortly after her right-eye surgery. This notice and the fact that a diligent inquiry could have led to the discovery of Appellees' alleged negligence render Burton's defense of fraudulent concealment inapplicable to estop Appellees from relying on their conclusively established limitations affirmative defense. *See, e.g.*, *Hooks v. Samson Lone Star, Ltd. P'ship*, 457 S.W.3d 52, 56–58 & n.8 (Tex. 2015); *Davenport*, 526 S.W.3d at 555. The trial court did not err by granting Appellees a no-evidence summary judgment on Burton's assertion of fraudulent concealment. Because Appellees conclusively established, and Burton concedes, that the limitations period began on the date of her right-eye surgery, Burton's healthcare-liability claim, which was filed three years after the right-eye surgery, is time-barred as a matter of law. As such, the trial court did not err by granting Appellees a traditional summary judgment on their limitations affirmative defense and on Burton's withdrawn assertion of the discovery rule. We overrule Burton's second issue. We need not address Burton's first issue in

11

which she argues that she raised a fact issue on each element of her healthcare-liability claim. *See* Tex. R. App. P. 47.1; *cf. Casey*, 907 S.W.2d at 903 (after concluding plaintiff's fraudulent-concealment defense to limitations not applicable, holding healthcare defendant not required to controvert plaintiff's medical-expert and attorney affidavits). Accordingly, we affirm the trial court's summary-judgment order. *See* Tex. R. App. P. 43.2(a).

/s/ Lee Gabriel

Lee Gabriel
Justice

Delivered: January 17, 2019