Mary IACONO, Appellant,

v.

Carolyn LYONS, Appellee.

No. 01–99–00726–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

March 16, 2000.

Rehearing Overruled April 24, 2000.

Alden D. Holford, Houston, for Appellant.

Barry G. Flynn, Paul A. Hoefker, Houston, Michael Leonard Ray Burnett, Austin, for Appellee.

Panel consists of Justices O'CONNOR, WILSON, and ANDELL.

## OPINION

MICHOL O'CONNOR, Justice.

Mary Iacono, the plaintiff below and appellant here, appeals from a take-nothing summary judgment rendered in favor of Carolyn Lyons, the defendant below and appellee here. We reverse and remand.

### Background

The plaintiff and defendant had been friends for almost 35 years. In late 1996, the defendant invited the plaintiff to join her on a trip to Las Vegas, Nevada. There is no dispute that the defendant paid all the expenses for the trip, including providing money for gambling.

The plaintiff contended she was invited to Las Vegas by the defendant because the defendant thought the plaintiff was lucky. Sometime before the trip, the plaintiff had a dream about winning on a Las Vegas slot machine. The plaintiff's dream convinced her to go to Las Vegas, and she accepted the defendant's offer to split "50–50" any gambling winnings.

In February 1997, the plaintiff and defendant went to Las Vegas. They started playing the slot machines at Caesar's Palace. The plaintiff contends that, after losing $47, the defendant wanted to leave to see a show. The plaintiff begged the defendant to stay, and the defendant agreed on the condition that she (the defendant) put the coins into the machines because doing so took the plaintiff too long.[1] The plaintiff agreed, and took the defendant to a dollar slot machine that looked like the machine in her dream. The machine did not pay on the first try. The plaintiff then said, "Just one more time," and the defendant looked at the plaintiff and said, "This one's for you, Puddin."

The slot machine paid $1,908,064. The defendant refused to share the winnings with the plaintiff, and denied they had an agreement to split any winnings. The defendant told Caesar's Palace she was the sole winner and to pay her all the winnings.

The plaintiff sued the defendant for breach of contract. The defendant moved for summary judgment on the grounds that any oral agreement was unenforceable under the statute of frauds or was voidable for lack of consideration. The trial court rendered summary judgment in favor of the defendant. The trial court did not hold there was no agreement between the parties. Instead, the trial court held that "Plaintiff's cause of action on breach of contract is unenforceable as a matter of law as it violates Texas Business & Commerce Code Art. 26.01(a), (b)(6) and/or is lacking in consideration."

In one point of error, the plaintiff asserts the trial court erred in granting the defendant's motion for summary judgment.

### Summary Judgment Standard of Review

A defendant is entitled to summary judgment if it pleads and conclusively establishes each element of an affirmative defense. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979); *Casey v. Methodist Hosp.*, 907 S.W.2d 898, 900 (Tex.App.—Houston [1st

1. The plaintiff, who suffers from advanced rheumatoid arthritis, was in a wheelchair.

Dist.] 1995, no writ). Once the defendant produces evidence that entitles it to summary judgment, the plaintiff must present evidence that raises a fact issue. *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex.1996). In reviewing the defendant's summary judgment proof, every reasonable inference must be indulged in favor of the plaintiff, and any doubts resolved in her favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985).

## Consideration

The defendant asserted the agreement, if any, was voidable because there was no consideration. The defendant contended the plaintiff's only contribution was the plaintiff's dream of success in Las Vegas and her "luck." The plaintiff asserted the defendant bargained with her to go to Las Vegas in return for intangibles that the defendant thought the plaintiff offered (good luck and the realization of the dream). The plaintiff said she gave up her right to remain in Houston in return for the agreement to split any winnings. The plaintiff also asserted the agreement was an exchange of promises.

 A contract must be based upon a valid consideration, in other words, mutuality of obligation. *See Texas Gas Util. Co. v. Barrett*, 460 S.W.2d 409, 412 (Tex. 1970). Consideration is a bargained-for exchange of promises. *See Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 496 (Tex.1991). Consideration consists of benefits and detriments to the contracting parties. *Id.* The detriments must induce the parties to make the promises and the promises must induce the parties to incur the detriments. *Id.*

 The plaintiff alleged she promised to share one-half of her winnings with the defendant in exchange for the defendant's promise to share one-half of her winnings with the plaintiff. These promises, if made, represent the respective benefits and detriments, or the bargained for ex-

change, necessary to satisfy the consideration requirement. *See Roark*, 813 S.W.2d at 496; *Texas Gas Utilities*, 460 S.W.2d at 412 (when no other consideration is shown, mutual obligations by the parties to the agreement will furnish sufficient consideration to constitute a binding contract).

 Therefore, the plaintiff raised a genuine issue of material fact sufficient to defeat the defendant's entitlement to summary judgment based on the affirmative defense of lack of consideration.

## Statute of Frauds

The defendant asserted the agreement, if any, was unenforceable under the statute of frauds because it could not be performed within one year. There is no dispute that the winnings were to be paid over a period of 20 years.

The statute of frauds is set forth in Section 26.01 of the Texas Business and Commerce Code and provides, in pertinent part:

(a) A promise or agreement described in Subsection (b) of this section is not enforceable unless the promise or agreement, or a memorandum of it, is

(1) in writing; and

(2) signed by the person to be charged with the promise or agreement or by someone lawfully authorized to sign for him.

(b) Subsection (a) of this section applies to:

. . .

(6) an agreement which is not to be performed within one year from the date of making the agreement; . . . .

Tex. Bus. & Com.Code § 26.01.

 Whether a contract falls within the statute of frauds is a question of law. *Bratcher v. Dozier*, 162 Tex. 319, 346 S.W.2d 795, 796 (1961); *Barbouti v. Munden*, 866 S.W.2d 288, 294 (Tex.App.— Houston [14th Dist.] 1993, writ denied).

Section 26.01(b)(6) does not apply if the contract, from its terms, could possibly be performed within a year—however improbable performance within one year may be. *Miller v. Riata Cadillac Co.,* 517 S.W.2d 773, 775 (Tex.1974); *Hall v. Hall,* 158 Tex. 95, 308 S.W.2d 12, 15 (1957); *Gerstacker v. Blum Consulting Engineers, Inc.,* 884 S.W.2d 845, 849 (Tex.App.—Dallas 1994, writ denied). Section 26.01(b)(6) bars only oral contracts that cannot be completed within one year. *Niday v. Niday,* 643 S.W.2d 919, 920 (Tex.1982) (if the agreement, either by its terms or by the nature of the required acts, cannot be performed within one year, it falls within the statute of frauds and must be in writing).

To determine the applicability of the statute of frauds with indefinite contracts, this Court may use any reasonably clear method of ascertaining the intended length of performance. *Hall,* 308 S.W.2d at 16–17; *Gerstacker,* 884 S.W.2d at 850. The method is used to determine the parties' intentions at the time of contracting. *Gerstacker,* 884 S.W.2d at 850. The fact that the entire performance within one year is not required, or expected, will not bring an agreement within the statute. *See Keystone Int'l, Inc. v. Ingham,* 593 S.W.2d 354, 357 (Tex.Civ.App.—Texarkana, 1979, no writ); *Eisenbeck v. Buttgen,* 450 S.W.2d 696, 700 (Tex.Civ.App.—Dallas 1970, no writ)

Assuming without deciding that the parties agreed to share their gambling winnings, such an agreement possibly could have been performed within one year. For example, if the plaintiff and defendant had won $200, they probably would have received all the money in one pay-out and could have split the winnings immediately. Therefore, the defendant was not entitled to summary judgment based on her affirmative defense of the statute of frauds.

We sustain the plaintiff's sole point of error.

We reverse the trial court's judgment and remand for further proceedings.