Opinion issued December 29, 2005
















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-03-01300-CV
__________
 
TIM BEVERICK, Appellant
 
V.
 
KOCH POWER, INC., FLINT HILLS RESOURCES, L.P., AND ENTERGY-KOCH TRADING L.P., Appellees
 

 
 
On Appeal from the 133th District Court
Harris County, Texas
Trial Court Cause No. 2001-48858
 

 
 
O P I N I O N
          Tim Beverick, appellant, sued Koch Power, Inc., Flint Hills Resources, L.P.,
and Entergy-Koch Trading L.P. (hereafter collectively referred to as “Koch”) for
breach of contract, promissory estoppel, fraud, quantum meruit, and punitive damages
after they failed to pay him the bonus they allegedly promised to pay him for legal
services rendered. Beverick contends that the trial court erred in granting Koch’s
motions for summary judgment. We affirm. 
BackgroundBeverick, an attorney for Koch Power, Inc., alleges that Koch orally promised
him a bonus of based on the savings for his work on the Pine Bend Power Project
(“the Project”). The Project involved negotiating a new contract for the purchase of
electricity over a 10-year period for Koch’s Pine Bend Refinery. The goal of the
Project, as fellow attorney Bill Windle stated in testimony, was to “save money for
the refinery.” According to Beverick, Koch promised that he and Windle would split
a bonus of 10 to 15% of the net present value of the after-tax expected savings from
the Project in a lump sum at the Project’s closing.


 Koch failed to pay the bonus at
closing, and, instead “proposed to Beverick that he would receive a bonus of
approximately $400,000.” Beverick initially sued Koch Power under theories of
breach of contract, promissory estoppel, and fraud; later, he added a claim for
quantum meruit.


 
          Koch filed no-evidence and traditional motions for summary judgment and also
filed a separate motion attacking Beverick’s claim for punitive damages. The trial
court granted both of Koch’s summary judgment motions without specifying its
grounds and rendered a take-nothing judgment against Beverick. 
Standard of Review 
          We follow the usual standard of review for an order granting summary
judgment without specifying grounds. See Dow Chem. Co. v. Francis, 46 S.W.3d
237, 242 (Tex. 2001). When a trial court does not state the basis for its decision in
its summary judgment order, as in this case, we must uphold the order if any of the
theories advanced in the motion is meritorious. See Rogers v. Ricane Enters., Inc.,
772 S.W.2d 76, 79 (Tex. 1989).  
          When reviewing a trial court’s granting of a motion for summary judgment, we
consider the evidence in the light most favorable to the non-movant and indulge every
reasonable inference in the non-movant’s favor. Tex. R. Civ. P. 166a(i); Flameout
Design & Fabrication, Inc. v. Pennzoil Caspian Corp., 994 S.W.2d 830, 834 (Tex.
App.—Houston [1st Dist.] 1999, no pet). A summary judgment for the defendant that
disposes of a plaintiff’s entire case is proper only if the defendant can show that the
plaintiff could not succeed on any of the theories pleaded. Wheeler v. Yettie Kersting
Mem’l Hosp., 866 S.W.2d 32, 36 (Tex. App.—Houston [1st Dist.] 1993, no writ). 
No-Evidence Motion for Summary Judgment
          A rule 166a(i) motion for summary judgment is properly granted when a
movant establishes that, “[a]fter adequate time for discovery[,] . . . there is no
evidence of one or more essential elements of a claim or defense on which an adverse
party would have the burden of proof at trial.” Tex. R. Civ. P. 166a(i); see also
Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d 193, 207 (Tex. 2002). A
no-evidence summary judgment is, therefore, like a directed verdict. Flameout, 994
S.W.2d at 834. To defeat a no-evidence motion for summary judgment, the non-movant must produce summary judgment evidence raising a genuine issue of material
fact. Tex. R. Civ. P. 166a(i); Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 600 (Tex.
2004). A genuine issue of material fact exists if the non-movant produces more than
a scintilla of evidence establishing the existence of the challenged element. Fort
Worth Osteopathic Hosp., Inc. v. Reese, 148 S.W.3d 94, 99 (Tex. 2004); A.H. Belo
Corp. v. Corcoran, 52 S.W.3d 375, 378 (Tex. App.—Houston [1st Dist.] 2001, pet.
denied). More than a scintilla of evidence exists when the evidence “rises to a level
that would enable reasonable and fair-minded people to differ in their conclusions.” 
See Burroughs Wellcome Co. v. Crye, 907 S.W.2d 497, 499 (Tex. 1995).      
Traditional Motion for Summary Judgment
          To succeed in a motion for summary judgment under rule 166a(c), a movant
must establish that there is no genuine issue of material fact so that the movant is
entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); Randall’s Food
Mkts., Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). In deciding whether there
is a disputed issue of material fact, every doubt must be resolved in favor of the non-movant. Johnson, 891 S.W.2d at 644; Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d
546, 548–49 (Tex. 1985). Additionally, we take all evidence favorable to the non-movant as true. Lawson v. B Four Corp., 888 S.W.2d 31, 33 (Tex. App.—Houston
[1st Dist.] 1994, writ denied).
Statute of Frauds 
          In their traditional motion for summary judgment, Koch asserted that
Beverick’s causes of action for breach of contract, promissory estoppel, and fraud
were barred by the statute of frauds because these claims were based upon an alleged
oral promise that could not be performed within one year.


 Beverick argues that,
because it was possible for the project to be completed within one year, the statute of
frauds does not apply. We agree. 
          Whether a contract falls within the statute of frauds is a question of law. 
Iacono v. Lyons, 16 S.W.3d 92, 94 (Tex. App.—Houston [1st Dist.] 2000, no pet.);
see also Niday v. Niday, 643 S.W.2d 919, 920 (Tex. 1982) (stating that, if an
agreement, either by its terms or by the nature of the required acts, cannot be
performed within one year, it falls within the statute of frauds and must be in writing.)
A contract that could possibly be performed within a year, however improbable
performance within one year may be, does not fall within the statute of frauds. Hall
v. Hall, 308 S.W.2d 12, 15 (Tex. 1957). The fact that the entire performance within
one year is not required, or expected, will not bring an agreement within the statute. 
Iacono, 16 S.W.3d at 95. 
          Beverick completed this project in two years. When asked if he could have
completed the project in less time, Beverick testified, “Not under the circumstances,
no.” “We moved everything along as fast as we could.” Beverick was asked
specifically if there was any way to have completed the project in one year, and he
answered, “I mean, if the moon [sic] lined up and if Northern States Power didn’t
fight to let us go and all of the parties - - you know, we had some pro forma contract
to do this on, then it would be easy.” Beverick testified that “I won’t say it was
impossible, but there were a lot of things that would have had to fall in place for [the
deal to have been completed within one year].” 
          The summary judgment evidence, viewed in a light most favorable to Beverick,
establishes the possibility that Beverick could have completed the Project in one year. 
Therefore, the statute of frauds did not preclude Koch from entering into an oral
contract with Beverick. 
Breach of Contract
          Beverick contends that the evidence was sufficient to create a fact issue and
that the trial court erred in granting summary judgment on his breach-of-contract
claim. 
          In their no-evidence motion for summary judgment, Koch asserted that there
was no evidence that 
(1)The contract alleged by Plaintiff was a valid oral contract
including:
 
(a)an offer by any Defendant from a person with authority to
make an offer on behalf of each Defendant;
 
                    (b)     acceptance by Plaintiff;
 
(c)a meeting of the minds between an authorized agent of
each Defendant on behalf of any Defendant and Plaintiff;
 
(d)consent to the terms by Plaintiff and an authorized agent of
each Defendant;
 
(e)execution of a contract with the intent that it be mutual and
binding; or
 
                    (f)      consideration provided by Plaintiff;
 
(2)The Plaintiff tendered the performance demanded by the contract;
 
          (3)     Any Defendant breached the contract; or
 
          (4)     Plaintiff was damaged as a result of any Defendant’s breach.

To prevail on a breach-of-contract claim, it must be proven that (1) a valid contract
between plaintiff and defendant existed, (2) the plaintiff performed or tendered
performance, (3) the defendant breached the contract, and (4) the plaintiff sustained
damages as a result of the breach. Prime Prods., Inc. v. S.S.I. Plastics, Inc., 97
S.W.3d 631, 636 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). 
Valid Contract
          The elements of a valid contract are: (1) an offer, (2) an acceptance, (3) a
meeting of the minds, (4) each party’s consent to the terms, and (5) execution and
delivery of the contract with the intent that it be mutual and binding. Id. 
          In their no-evidence motion for summary judgment, Koch contested each
element of the “valid” contract with Beverick. Beverick was therefore required to 
produce more than a scintilla of evidence raising a genuine issue of material fact on
each element. Flameout Design & Fabrication, Inc., 994 S.W.2d at 834. 
          Offer
          Beverick does not allege the breach of a written contract. Rather, he asserts
that Koch orally promised him a bonus based on expected savings of the Project. In
determining the existence of an oral contract, the court looks to the communications
between the parties and to the acts and circumstances surrounding those
communications. Prime Prods., 97 S.W.3d at 636. For Beverick’s contract claim to
be valid and enforceable, he must allege and prove that the oral contract was made
with an authorized agent who had authority to bind Koch. S. County Mut. Ins. Co.
v. First Bank & Trust of Groves, 750 S.W.2d 170, 172 (Tex. 1988). 
          In his response to Koch’s motions for summary judgment, Beverick argued that
“Bill Windle, who worked with Mr. Beverick on Pine Bend, testified that based on
the representations of Defendants’ management, he believed that the Pine Bend bonus
was to be paid on the expected savings on the project.” He further stated that
“Windle, an employee of EKT [Entergy-Koch Trading], told Beverick that Rob
Smith, an officer of KET [Koch Energy Trading], represented that Windle and
Beverick would split a bonus pool on Pine Bend of ten to fifteen percent of the
expected after-tax savings.” 
          Despite Beverick’s allegations of oral contract representations from several
Koch executives, in his deposition, he acknowledged that the only person who
directly promised him the bonus at issue in this case was Bill Windle, a fellow
employee. Beverick testified further that he agreed that Windle lacked the authority
to enter into a bonus agreement with Beverick on behalf of Koch. Beverick testified
as follows: 
          Q.      Now, are you claiming that Mr. Windle had the authority
on behalf of any of these defendants - - 

          A.      Not Windle.
 
          Q.      - - to bind them to pay you half of 10 to 15 percent of the
expected savings?
 
          A.      Not Windle, no. I mean, I don’t know if he would have
had - - I mean, if the promise didn’t come from him, I don’t
know if he had authority or not.
 
          Q.      Well, you know that he did not have authority to bind the
company he was working for or any - - at the time - - or
any of these defendants to pay you any sort of bonus;
correct?

          A.      Well, he wasn’t the promisor in this case, right.

          Q.      So he did not have that authority, did he?

          A.      Correct.
 
          Q.      But as you have just already testified, back when your
deposition was taken a year ago, and have testified here
again today, Bill Windle is the only person you’re claiming
told you that your Pine Bend bonus was going to be half of
the 10 to 15 percent number, correct?
 
          A.      Well, I mean, as far as - - as far as I was concerned, when
he came to me he had just talked to Rob [Smith], and Rob
and David [Owens] were David Sobotka’s mouthpieces.
 
          Q.      But Rob Smith never made that representation to you, did
he?
 
          A.      He knew by telling Bill - - Bill and I were together every
day for two years. He knew by Bill it was telling me.

          Q.      Did Rob Smith make that representation to you?

          A.      No, he didn’t have to. He knew - - 

          Beverick argues that, despite Windle’s lack of authority to bind, there was at 

least one person with authority who neglected to correct Beverick’s mistaken belief 

that he was getting a more substantial bonus. Beverick said that he 
 
repeatedly stated his understanding that his bonus would be 10-15% of
expected savings and Mr. Owens [an executive with KET] never
disputed it or told Beverick that he was incorrect. Thus, by leading Mr.
Beverick to believe that his understanding was correct, and by not
objecting to Mr. Beverick’s statements concerning his understanding of
the bonus agreement, Owens manifested his belief in the truth of those
statements and adopted those statements as true. 
  
We disagree. Beverick may not establish the existence of an offer through the silence
of another party. Silence cannot satisfy the basic requirements of contract creation. 
See Texas Ass’n of Counties County Gov’t Risk Mgmt. Pool v. Matagorda County, 52
S.W.3d 128, 132 (Tex. 2000) (holding that silence and inaction will not be construed
as an assent to an offer). Beverick admitted that he could not swear under oath that
Owens ever made an offer of a bonus based on 10 to 15% of savings. At most,
Beverick testified that he “inferred it.”
          Accordingly, we hold that there is no evidence that Beverick established the
existence of an offer. Without an offer, we need not determine if there was evidence
of the remaining elements of a valid contract. 
          We overrule point of error one. 
Promissory Estoppel
          Beverick contends that the trial court erred in granting Koch’s promissory
estoppel motion for summary judgment. 
          In their no-evidence motion for summary judgment, Koch asserted that there
was no evidence that
(1)An authorized representative of any Defendant made an
authorized oral promise to Plaintiff;
 
(2)An authorized representative made any oral promise for which it
was reasonable and foreseeable that Plaintiff would rely; or
 
(3)Plaintiff reasonably and justifiable [sic] relied to his detriment on
any oral promise made by an authorized representative of any
Defendant.

          Beverick asserts that he provided sufficient evidence of promissory estoppel
to survive summary judgment. The elements of promissory estoppel are (1) a
promise, (2) Koch’s foreseeability of Beverick’s reliance thereon, and (3) substantial
reliance by Beverick to his detriment. See English v. Fischer, 660 S.W.2d 521, 524
(Tex. 1983); Leach v. Conoco, Inc., 892 S.W.2d 954, 959 (Tex. App.—Houston [1st
Dist.] 1995, writ dism’d w.o.j.). As we held above, there is no evidence that a person
with authority “promised” Beverick that he would receive a split of 10 to 15% of
expected net savings. Beverick does not dispute that Koch employed him at will and
paid him an agreed salary. 
          We hold that the trial court did not err when it granted Koch’s summary
judgment on Beverick’s promissory estoppel claim. 
FraudBeverick asserts that the trial court erred by granting Koch’s summary
judgment motion for his claim of fraud. 
          In their no-evidence motion for summary judgment, Koch asserted that there
was no evidence that 
(1)Any Defendant authorized any party to make an oral
representation to Plaintiff regarding an alleged bonus;
 
(2)An authorized representation was made on behalf of any
Defendant;
 
(3)An authorized representative of any Defendant orally made a
representation that any Defendant knew to be false at the time it
was made; 
 
(4)Plaintiff reasonable [sic] relied on any oral representation by a
representative of any Defendant; or
 
(5)That Plaintiff was injured in any way or suffered damages [sic] a
result of his reliance.
    
          A cause of action for fraud requires (1) a material misrepresentation, (2) that
was either known to be false when made or was asserted without knowledge of its
truth, (3) which was intended to be acted upon, (4) which was relied upon, and (5)
which caused injury. Formosa Plastics Corp. USA v. Presidio Eng’rs and
Contractors, Inc., 960 S.W.2d 41, 47 (Tex. 1998). The mere failure to perform a
contract is not evidence of fraud. Id. at 48. When a promise is made to do a future
act with no intention of performing the act, the promise constitutes an actionable
misrepresentation when made with no intention of performing the act. Id.; Oliver v.
Rogers, 976 S.W.2d, 792, 804 (Tex. App.—Houston [1st Dist.] 1998, no pet). 
          The first element of a claim for fraud is that the defendant made a material
misrepresentation. Formosa Plastics, 960 S.W.2d at 48. Beverick has not produced
evidence that anyone with authority made a representation to him regarding the
alleged bonus. Beverick asserts that the same facts support both his claim for breach
of contract and his claim for fraud. Although Beverick states that David Owens’s
silence led him to believe that he would receive one-half of 10 to 15% of the expected
Pine Bend savings, Beverick has not demonstrated that Owens had a duty to disclose
the actual amount of the bonus to him. 
          A failure to disclose, however, is only actionable as fraud when there is a duty
to disclose. See Bradford v. Vento, 48 S.W.3d 749, 755 (Tex. 2001). A duty to
disclose arises only out of a confidential or fiduciary relationship. Moorehouse v.
Chase Manhattan Bank, 76 S.W.3d 608, 615 (Tex. App.—San Antonio 2002, no
pet.). Texas does not recognize a fiduciary duty or a duty of good faith and fair
dealing owed by an employer to an employee. City of Midland v. O’Bryant, 18
S.W.3d 209, 216 (Tex. 2000) (holding that there is no duty of good faith and fair
dealing in the employment context).


 
          Koch had no duty to disclose the amount of Beverick’s project bonus;
therefore, their failure to disclose it is not an actionable misrepresentation. There is
no evidence that Koch made an actionable misrepresentation to Beverick. 
Accordingly, we hold that there is no evidence that there was a material
misrepresentation made. Having so held, we need not address the remaining elements
of fraud. 
 Quantum Meruit
          Beverick contends that the trial court erred by rendering summary judgment on
his quantum-meruit claim. 
          In their no-evidence motion for summary judgment, Koch asserted that there
was no evidence 
(1)That Plaintiff performed any services for any Defendant for which
he was not compensated; or
 
(2)Of the reasonable value of any uncompensated services
performed by Plaintiff for any Defendant.

           The quasi-contractual theory of quantum meruit is based on a promise implied
by law to pay for beneficial services rendered and knowingly accepted. C.M. Asfahl
Agency v. Tensor, Inc., 135 S.W.3d 768, 792 (Tex. App.—Houston [1st Dist.] 2004,
no pet.). To be entitled to submit a claim of quantum meruit, the claimant must
present more than a scintilla of evidence that: (1) the plaintiff rendered valuable
services or furnished materials; (2) for the party sought to be charged; (3) the party
sought to be charged accepted and enjoyed the services or materials; and (4) the party
sought to be charged had reasonable notice that the plaintiff, in performing the
services or providing the materials, expected payment. See Vortt Expl. Co. v.
Chevron U.S.A., Inc., 787 S.W.2d 942, 944 (Tex. 1990). 
          Beverick was in-house counsel for Koch, and he provides no evidence that his
assignment on the Project was not part of his job duties falling under his employment
contract. Even if his work benefitted Koch, proof of a benefit does not prove that the
services were beyond the scope of his employment. If the work that Beverick
performed on the Project was within the scope of his employment, then his work was
performed pursuant to his employment for Koch, and he cannot make a claim in
quantum meruit. See Murray v. Crest Constr., Inc., 900 S.W.2d 342, 345 (Tex. 1995). 
Furthermore, Beverick presented no evidence relating to (1) the description of the
work that he performed outside of his regular work, (2) the value of such work, and
(3) the reasonableness of any value that could be assigned to the work.          Accordingly, we hold that the trial court did not err in granting summary judgment
on Beverick’s quantum meruit claim. 
Punitive DamagesBeverick contends that the trial court erred in ruling that he did not have a valid
punitive damages claim.
          Beverick’s argument presumes a valid contract, a duty to disclose to correct a
mistaken impression, and a “deliberate” decision not to disclose. We have already
held that there was no valid contract and that there is no duty to disclose in an
employment-bonus context. 
          Beverick’s only basis for punitive damages was fraud, and we have held that
he did not sufficiently establish a cause of action for fraud. Punitive damages may
be awarded only when there are some actual damages in tort. Juliette Fowler Homes,
Inc. v. Welch Assoc., Inc., 793 S.W.2d 660, 667 (Tex. 1990). We hold that the trial
court did not err in finding that Beverick presented no evidence to support his
punitive damages claim. 
          Having held accordingly, we need not address Beverick’s issues relating to the
relevance of the Bonus Document or his alleged acceptance of the first installment
as satisfaction of Koch’s complete obligation to his entire bonus claim. 
CONCLUSION
          We affirm the trial court’s orders granting Koch’s motions for summary
judgment.

                                                                        George C. Hanks, Jr.
                                                                        Justice

Panel consists of Justices Taft, Hanks, and Bland.