NO. 07-05-0093-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 12, 2006

_____

IN THE INTEREST OF C.L.W. AND H.A.W., MINOR CHILDREN

_____

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 96-556,965; HONORABLE MACKEY K. HANCOCK, JUDGE

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant Lee Sheridan Wikle challenges an order requiring him to pay child support arrearages in accordance with an agreed order of modification. Because the order is interlocutory, we must dismiss the appeal for want of jurisdiction.

Lee and Leigh Anne Wikle were divorced by a decree signed October 22, 1997. The original decree of divorce obligated Lee to pay child support in an amount in accordance with the Family Code guidelines, plus additional support of twenty-five percent of any bonuses Lee

received from his employment. Then, on March 27, 2000, the court signed an agreed order[1] modifying the amount and method of payment. Following the modification order, the parties disagreed as to whether the effect of the additional support exceeded the Family Code guidelines.[2] On July 13, 2004, pursuant to the terms of the modified decree, Leigh filed a motion to enforce the payment of child support and to modify of the terms of the decree pertaining to possession of and access to the children and medical support. She further requested an award of attorney's fees.

On November 24, 2004, the trial court heard Leigh's motion to compel child support per the March 27, 2000 agreed order, but Leigh's request for modification and attorney's fees was not presented or heard by the trial court at that time. Considering the matters presented and the agreed order of March 27, 2000, by order signed on February 9, 2005, Lee was ordered to pay $11,712.00 in child support arrearage. The order expressly concluded that

> All other issues raised by the pleadings in this proceeding are reserved for determination of the Court on final hearing in this proceeding.

Lee subsequently filed this appeal, and Leigh has moved to dismiss.

By his brief, Lee questions whether the trial court erred in ordering that he pay child support in excess of the statutory guidelines and in accordance with the agreed order of March

---

[1]The order was approved as to form and substance by appellant and as to form by his former counsel.

[2]Although not controlling here, the record suggests that Lee unilaterally ceased making support payments per the agreed order.

27, 2000. He also questions whether a court may retroactively alter a child support determination. However, where, as here, there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and parties. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 201 (Tex. 2001). Nothing in this record indicates disposition of Leigh's request to modify the decree or her request for an award of attorney's fees. To the contrary, the court's February 9th order reserves other issues for determination by the court on final hearing. Thus, the court's order is interlocutory and not subject to appeal. Therefore, this Court is without power to review it and has jurisdiction only to dismiss the appeal. Steeple Oil & Gas Corp. v. Amend, 394 S.W.2d 789, 790 (Tex. 1965).

We have not overlooked Lee's alternative request that the appeal be abated so that a new order may be obtained; however, the procedure in Iacono v. Lyons, 6 S.W.3d 715 (Tex.App.–Houston [1st Dist.] 1999, order), *disp. on merits,* 16 S.W.3d 92 (Tex.App.–Houston [1st Dist.] 2000, no pet.), is not appropriate here because the remaining issues are subject to hearing and trial.

Accordingly, the appeal is dismissed for want of jurisdiction.


Don H. Reavis
Justice


3