NO. 07-05-0093-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



APRIL 12, 2006


 

______________________________




IN THE INTEREST OF C.L.W. AND H.A.W., MINOR CHILDREN


_________________________________


FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;


NO. 96-556,965; HONORABLE MACKEY K. HANCOCK, JUDGE


_______________________________


Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION

 Appellant Lee Sheridan Wikle challenges an order requiring him to pay child support
arrearages in accordance with an agreed order of modification. Because the order is
interlocutory, we must dismiss the appeal for want of jurisdiction.

 Lee and Leigh Anne Wikle were divorced by a decree signed October 22, 1997. The
original decree of divorce obligated Lee to pay child support in an amount in accordance with
the Family Code guidelines, plus additional support of twenty-five percent of any bonuses Lee
received from his employment. Then, on March 27, 2000, the court signed an agreed order (1)
modifying the amount and method of payment. Following the modification order, the parties
disagreed as to whether the effect of the additional support exceeded the Family Code
guidelines. (2) On July 13, 2004, pursuant to the terms of the modified decree, Leigh filed a
motion to enforce the payment of child support and to modify of the terms of the decree
pertaining to possession of and access to the children and medical support. She further
requested an award of attorney's fees.

 On November 24, 2004, the trial court heard Leigh's motion to compel child support per
the March 27, 2000 agreed order, but Leigh's request for modification and attorney's fees was
not presented or heard by the trial court at that time. Considering the matters presented and
the agreed order of March 27, 2000, by order signed on February 9, 2005, Lee was ordered
to pay $11,712.00 in child support arrearage. The order expressly concluded that

 All other issues raised by the pleadings in this proceeding are reserved for
determination of the Court on final hearing in this proceeding.


Lee subsequently filed this appeal, and Leigh has moved to dismiss. 

 By his brief, Lee questions whether the trial court erred in ordering that he pay child
support in excess of the statutory guidelines and in accordance with the agreed order of March
27, 2000. He also questions whether a court may retroactively alter a child support
determination. However, where, as here, there has not been a conventional trial on the merits,
an order or judgment is not final for purposes of appeal unless it actually disposes of every
pending claim and party or unless it clearly and unequivocally states that it finally disposes of
all claims and parties. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 201 (Tex. 2001). Nothing
in this record indicates disposition of Leigh's request to modify the decree or her request for
an award of attorney's fees. To the contrary, the court's February 9th order reserves other
issues for determination by the court on final hearing. Thus, the court's order is interlocutory
and not subject to appeal. Therefore, this Court is without power to review it and has
jurisdiction only to dismiss the appeal. Steeple Oil & Gas Corp. v. Amend, 394 S.W.2d 789,
790 (Tex. 1965). 

 We have not overlooked Lee's alternative request that the appeal be abated so that a
new order may be obtained; however, the procedure in Iacono v. Lyons, 6 S.W.3d 715
(Tex.App.-Houston [1st Dist.] 1999, order), disp. on merits, 16 S.W.3d 92 (Tex.App.-Houston
[1st Dist.] 2000, no pet.), is not appropriate here because the remaining issues are subject to
hearing and trial.

 Accordingly, the appeal is dismissed for want of jurisdiction. 

 

 Don H. Reavis 

 Justice 

1. The order was approved as to form and substance by appellant and as to form by his
former counsel. 
2. Although not controlling here, the record suggests that Lee unilaterally ceased making
support payments per the agreed order. 


t-align: justify; line-height: 0.416667in; margin-bottom: 0.104167in">          A search behind the tree where Baker had concealed himself turned up a
marihuana blunt (a cigar that has had the tobacco removed and replaced with marihuana). 
Appellant and Baker were both arrested. Appellant was charged with, and convicted of,
possession of marihuana in a drug-free zone.
Motion to Suppress
          By his first issue, Appellant contends he was denied due process and a fair trial by
the trial court’s denial of his motion to suppress. We disagree. Appellant filed his motion
to suppress one week prior to commencement of trial urging among other items,
suppression of the marihuana on the ground that it was seized without a warrant, probable
cause, or other lawful authority in violation of his constitutional rights.
          According to the record, a pretrial hearing on Appellant’s motion to suppress was
scheduled to take place at docket call, however, no hearing was held because Appellant’s
counsel failed to appear. After the jury was seated, but before voir dire began, defense
counsel urged his motion to suppress explaining his absence at docket call was due to lack
of notice. In response, the trial court stated: 
And I indicated to you in chambers that we waited for you and you took off
somewhere. The Prosecutor had witnesses here in the courtroom. We were
in the courtroom with witnesses and I was here and you were gone. We
went looking for you and my bailiff said you took off. So if I have time, I’ll
hear it later on, otherwise, it’s overruled.
 
          Following this exchange, Appellant’s counsel did not object to the denial of a hearing
or to the trial court’s ruling. Furthermore, during the State’s case-in-chief, Appellant’s
counsel did not object to the introduction of the evidence sought to be suppressed on the
same grounds alleged in the motion. After the State rested its case-in-chief, defense
counsel conferred with Appellant and then rested without presenting evidence or reurging
his motion to suppress. The following morning, the trial court announced:
I see your motion to suppress, and according to the evidence from the
officers covered, I gave you sufficient leeway there for me to get all the data
that I needed. And based on what I heard from the officers, although it was
before the jury, I would have denied that motion.
 
          Generally, in order to preserve error, the record must show that Appellant made a
timely request, objection, or motion, and that the trial court ruled on it. Tex. R. App. P.
33.1(a)(1). Appellant’s failure to appear and timely urge his motion to suppress when
scheduled constitutes a waiver of that motion. Therefore, the trial court did not err when
it overruled Appellant’s motion to suppress prior to the commencement of voir dire.
          However, our inquiry does not stop there. In the exchange immediately prior to the
commencement of voir dire, the trial court did express an intent to consider the motion at
a later time. Furthermore, at the end of the trial, the trial court indicated that, based upon
the evidence that it did hear during trial, it would have denied the motion. Under such
circumstances, it can be said that the trial court carried the motion with the trial and
subsequently reconsidered its merits. Although such an unorthodox course of proceedings
is inappropriate in a jury trial setting, when a trial court allows a motion to suppress to be
conducted in a unitary proceeding with the trial itself, the appellant does not waive his
motion by failing to object to the admission of the evidence he seeks to suppress. Garza
v. State, 126 S.W.3d 79, 84 (Tex.Crim.App. 2004). Therefore, assuming without deciding
that Appellant adequately preserved error, we will address the merits of his motion to
suppress.
          A trial court's ruling on a motion to suppress is reviewed for abuse of discretion
standard. Balentine v. State, 71 S.W.3d 763, 768 (Tex.Crim.App. 2002). Where, as here,
the facts are undisputed, we conduct a de novo review of the trial court’s application-of-law-to-fact questions that do not turn on the credibility and demeanor of the witnesses. 
Amador v. State, 221 S.W.3d 666, 673 (Tex.Crim.App. 2007); Estrada v. State, 154
S.W.3d 604, 607 (Tex.Crim.App. 2005). If the trial court’s decision is correct on any theory
of law applicable to the case, it will be sustained. State v. Ross, 32 S.W.3d 853, 855-56
(Tex.Crim.App. 2000).
          The Fourth Amendment of the United States Constitution and Article I, § 9 of the
Texas Constitution protect against unreasonable searches and seizures by government
officials. See Wiede v. State, 214 S.W.3d 17, 24-25 (Tex.Crim.App. 2007); Johnson v.
State, 912 S.W.2d 227, 232-34 (Tex.Crim.App. 1995); Martinez v. State, 72 S.W.3d 76,
81 (Tex.App.–Amarillo 2002, no pet.). A pedestrian is entitled to the protection of the
Fourth Amendment as he walks down the street. See Terry v. Ohio, 392 U.S. 1, 9, 88
S.Ct. 1868, 20 L.Ed.2d 889 (1968). Reasonableness of a search is a question of law that
is reviewed de novo and is evaluated by the totality of the circumstances. Kothe v. State,
152 S.W.3d 54, 62 (Tex.Crim.App. 2004); Woods v. State, 956 S.W.2d 33, 38
(Tex.Crim.App. 1997). 
          An investigative detention occurs when an individual is encountered by a police
officer, yields to the officer’s display of authority, and is temporarily detained for purposes
of an investigation. Johnson, 912 S.W.2d at 235. A person “yields to an officer’s display
of authority” when a reasonable person would not feel free to continue walking or otherwise
terminate the encounter. Florida v. Bostick, 501 U.S. 429, 436, 111 S.Ct. 2382, 115
L.Ed.2d 389 (1991); State v. Velasquez, 994 S.W.2d 676, 679 (Tex.Crim.App. 1999);
Johnson, 912 S.W.2d at 234-35. An investigative detention is constitutionally permissible
if, under the totality of the circumstances, the officer has reasonable suspicion supported
by articulable facts that the person detained is, has been, or soon will be engaged in
criminal activity. Terry v. Ohio, 392 U.S. at 21-22; Ford v. State, 158 S.W.3d 488, 492
(Tex.Crim.App. 2005). These facts must amount to more than a mere inarticulable hunch
or suspicion. Williams v. State, 621 S.W.2d 609, 612 (Tex.Crim.App. 1981). Whether
reasonable suspicion exists is determined by considering the facts known to the officer at
the moment of detention. Davis v. State, 947 S.W.2d 240, 243 (Tex.Crim.App. 1997). 
Additionally, a determination of reasonable suspicion must be based on common sense
judgments and inferences about human behavior. See Illinois v. Wardlow, 528 U.S. 119,
125, 120 S.Ct. 673, 676, 145 L.Ed.2d 570 (2000). 
          Relying on Florida v. J.L., 529 U.S. 266, 270, 120 S.Ct. 1375, 146 L.Ed.2d 254
(2000), Appellant argues that an anonymous tip by a person of undisclosed reliability is
insufficient to justify an investigative detention. See State v. Steelman, 93 S.W.3d 102,
108 (Tex.Crim.App. 2002). However, such a tip coupled with observations by police may
ultimately present reasonable suspicion and probable cause. Alabama v. White, 496 U.S.
325, 329-31, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990); Turner v. State, 261 S.W.3d 129,
134 (Tex.App.–San Antonio 2008, no pet.). Police can provide other indicia of reliability
by independent corroboration of the informant’s information. Flores v. State, 172 S.W.3d
742, 751 (Tex.App.–Houston [14th Dist. 2005, no pet.). However, corroboration of only
innocent details which do not indicate criminal activity are usually insufficient. Id., citing
Parish v. State, 939 S.W.2d 201, 203 (Tex.App.–Austin 1997, no pet.). 
          While we agree with Appellant that the anonymous tip identifying him and Baker and
the officers’ corroboration of innocent details, i.e., the description of the clothing they were
wearing, are insufficient to justify an investigative detention, nothing prevented the officers
from merely seeking to engage in a lawful encounter with Appellant and his companion. 
While seeking to engage in a lawful encounter, Officers Martinez and Chappel observed
Baker make a furtive movement by concealing himself behind a tree. This conduct made
Officer Martinez suspicious that Baker might be concealing a weapon, which tended to
corroborate their suspicion that Appellant and Baker were either involved in, or about to be
engaged in, criminal activity. 
          Citing officer safety concerns, Officer Martinez initiated a pat down search of
Appellant for weapons. He informed Appellant that he was investigating a complaint
against him and asked him if he had drugs on him. Appellant was compliant and answered
affirmatively. He told Officer Martinez the drugs were in his coat pocket. Upon further
investigation the officer then discovered a plastic baggie containing marihuana and digital
scales. Nothing about this sequence of events implicates a violation of Appellant’s
constitutional rights.
          A pat down search is permissible when an officer reasonably believes that a citizen
about to be lawfully encountered by the officer might be armed. Terry, 392 U.S. at 29-30. 
The officer does not have to be absolutely certain that the individual is armed; rather, the
issue is whether a reasonable prudent person in the same circumstances would be
warranted in the belief that his safety or that of others was in danger. Id. at 27. Officer
Chappel, a peace officer with eighteen years experience, testified that based on his
training, persons who deal in narcotics often arm themselves for protection from rival
dealers and law enforcement.
          Based on the totality of the circumstances and the facts known to the officers at the
moment of the initial encounter, we find that there was a reasonably prudent concern for
officer safety, that the resultant weapons pat-down was justified, and that the subsequent 
discovery of the controlled substance was constitutionally permissible. Given that the
record demonstrates great leeway to defense counsel in questioning both officers, we
conclude the trial court did not abuse its discretion in denying Appellant’s motion to
suppress. Issue one is overruled.
Article 38.23 Instruction
          By issue two, Appellant contends he was denied due process and a fair trial by the
trial court’s refusal to instruct the jury pursuant to article 38.23 of the Texas Code of
Criminal Procedure on the issue of probable cause for the stop, search, and seizure after
contradictions in the State’s witnesses’ testimony gave rise to the issue. We disagree.
          Article 38.23 provides, in relevant part, as follows:
(a) No evidence obtained by an officer or other person in violation of any
provisions of the Constitution or laws of the State of Texas, or of the
Constitution or laws of the United States of America, shall be admitted in
evidence against the accused on the trial of any criminal case.
 
In any case where the legal evidence raises an issue hereunder, the jury
shall be instructed that if it believes, or has a reasonable doubt, that the
evidence was obtained in violation of the provisions of this Article, then and
in such event, the jury shall disregard any such evidence so obtained.
Tex. Code Crim. Proc. Ann. art. 38.23(a) (Vernon 2005). 
          The triggering mechanism for an article 38.23 instruction is complex. See
Oursbourn v. State, 259 S.W.3d 159, 177 (Tex.Crim.App. 2008). A defendant must
establish the following requirements: (1) the evidence must raise an issue of fact; (2) the
evidence on that fact must be affirmatively contested; and (3) the contested factual issue
must be material to the lawfulness of the challenged conduct in obtaining the evidence
sought to be excluded. Id. 
          “A fact issue about whether evidence was legally obtained may be raised ‘from any
source, and the evidence may be strong, weak, contradicted, unimpeachable, or
unbelievable.’” Garza v. State, 126 S.W.3d at 85 (quoting Wilkerson v. State, 933 S.W.2d
276, 280 (Tex.App.–Houston [1st Dist.] 1996, pet. ref’d)). No instruction is required when
the evidence fails to raise a fact question on how the evidence was obtained by the State. 
Wilkerson, 933 S.W.2d at 276. A disagreement with the trial court’s conclusion that
probable cause was shown as a matter of law is not the same as a defendant controverting
the facts. Garza, 126 S.W.3d at 86. 
          By his argument, Appellant asserts that “[i]n view of the inconsistencies in the
testimony of the State’s witnesses,” he requested an instruction under article 38.23 which
the trial court denied. He then references this Court to the State’s argument during the
charge conference that Officer Martinez was “vigorously cross-examined, and the issue
was clouded.” (Emphasis in Appellant’s Brief). Appellant argues here, “[a] clouded issue
is an issue raised.” However, Appellant nowhere in his argument in support of issue two
describes what inconsistencies in the officers’ testimony entitled him to a jury instruction
under article 38.23. As we are left to speculate, the only inconsistency in the record is
whether Appellant was wearing his coat or whether he was carrying it when approached
by Officer Martinez. Regardless, there was no issue raised by the evidence as to how the
marihuana was obtained. (Emphasis added). When the evidence fails to raise a fact
question on how the evidence was obtained by the State, no instruction is necessary. 
Thomas v. State, 723 S.W.2d 696, 707 (Tex.Crim.App. 1986). Thus, no error was
committed by the trial court in denying Appellant’s request for an article 38.23 instruction. 
Issue two is overruled.
Article 38.41 Instruction
          By issue three, Appellant contends he was denied due process and a fair trial by the
trial court’s refusal to instruct the jury pursuant to article 38.41 of the Texas Code of
Criminal Procedure on the issue of whether a certificate of analysis regarding physical
evidence may be considered by the jury after non-compliance on the face of the certificate
gave rise to the issue. He argues the trial court’s error is of constitutional dimension. 
          The State maintains on appeal that there was no violation of article 38.41 and thus,
Appellant’s argument lacks merit. Additionally, the State contends the trial court did not
err in refusing Appellant’s requested jury instruction because Appellant failed to object to
the certificate, in writing, as required by article 38.41, § 4. We agree with the State.
          Article 38.41, § 3 lists the requirements that a certificate of analysis must contain
and be certified under oath to be admissible. One of those requirements is a statement
that the laboratory employing the analyst be accredited by a nationally recognized board
or association. Id. at §3(2). Article 38.41, § 5 provides that a certificate of analysis is
sufficient if it substantially complies with the requirements. 
          The certificate of analysis offered by the State as Exhibit 12 does not itself contain
a statement of accreditation by a nationally recognized board or association. However, the
drug analysis laboratory report, which was typed on letterhead from the Texas Department
of Public Safety and introduced as part of Exhibit 12, does contain the following statement:
“ACCREDITED BY THE AMERICAN SOCIETY OF CRIME LABORATORY DIRECTORS
– LAB ACCREDITATION BOARD.” 
          Appellant argues that the certificate is not in substantial compliance with the statute. 
At trial, Appellant objected to the certificate on the ground that the Texas Department of
Public Safety is not a nationally recognized board. After the trial court examined the
documents and confirmed the laboratory case number on the certificate of analysis and 
the attached DPS laboratory report were the same, the exhibit was admitted into evidence. 
During the charge conference, Appellant requested a jury instruction on whether the jury
should be permitted to consider the certificate of analysis, which the trial court denied.
          Article 38.41, § 4 provides in relevant part:
[n]ot later than the 20th day before the trial begins in a proceeding in which
a certificate of analysis . . . is to be introduced, the certificate must be filed
with the clerk of the court and a copy must be provided . . . to the opposing
party. The certificate is not admissible under Section 1 if, not later than the
10th day before the trial begins, the opposing party files a written objection
to the use of the certificate with the clerk of the court and provides a copy of
the objection . . . to the offering party.
 
(Emphasis added). The State filed its Notice of Filing of Certificate of Analysis, the
certificate, and the DPS drug analysis laboratory report with the trial court clerk on January
31, 2007. The certificate of service recites that defense counsel was served with a copy
on that date. Trial commenced on July 18, 2007. There is nothing in the record to show
that Appellant filed a written objection ten days before the trial began. By failing to timely
file a written objection, Appellant has not preserved his contention for review. See Tex. R.
App. P. 33.1(a). See also Deener v. State, 214 S.W.3d 522, 526 (Tex.App.–Dallas 2007,
pet. ref’d) (concluding that by failing to file a timely written objection to a certificate of
analysis, the defendant forfeited his constitutional right to confront witnesses against him
under Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004)). 
Issue three is overruled.
Discovery Order
          By issue four, Appellant contends he was denied due process and a fair trial by the
trial court’s refusal to enforce its own Order of Discovery and allowing testimony of
witnesses and expert witnesses when same had not been disclosed by the State as
subject to its intention to be called at trial. We disagree.
          Pursuant to Appellant’s Motion for Discovery and article 39.14 of the Texas Code
of Criminal Procedure, the trial court signed a discovery order requiring the State to
“produce and permit counsel for Defendant to inspect,” among other items, a list of names
and addresses of all witnesses and expert witnesses the prosecution intended to call at
trial. When the State called its first witness to the stand, defense counsel objected to any
State witnesses claiming no notice of witnesses had been provided as required by the
discovery order. The State responded by reminding the trial judge of the State’s open-file
policy which the trial judge had previously found sufficient to cover any discovery motions
and which defense counsel had agreed to. Defense counsel argued that the open-file
policy was insufficient and did not cover notice on witness lists. He further argued:
they remove their work product before they allow us to see it – and an
intention of who they intend to call. That is a work product issue which is
discoverable by the motion. And the only way we can get it is through the
motion. 
In response, the State remarked that this was a three-witness case, two officers and the
person who tested the narcotics, and that the parties had engaged in a discussion to that
effect the Friday before trial.
          Initially, we address defense counsel’s argument that the discovery order entitled
Appellant to work product. Article 39.14 of the Texas Code of Criminal Procedure
specifically excludes discovery of the prosecuting attorney’s work product. Moreover,
Appellant did not argue at trial nor does he argue on appeal that he suffered actual
prejudice by the State’s open-file policy. No allegations of unfair surprise or inability to
effectively cross-examine any of the witnesses were made. See Heiselbetz v. State, 906
S.W.2d 500, 511-512 (Tex.Crim.App. 1995). See also Ross v. State, 133 S.W.3d 618,
(Tex.Crim.App. 2004). Neither did defense counsel move for a continuance. Cf.
Heiselbetz, 906 S.W.2d at 511. Additionally, there is nothing in the record to establish
whether defense counsel did or did not avail himself of the State’s open-file policy. See
Vega v. State, 898 S.W.2d 359, 361-62 (Tex.App.–San Antonio 1995, pet. ref’d).
          Considering that the discovery order did not specify the time, place, and manner of
inspecting documents as required by article 39.14, we find that under the circumstances
of this case, the State’s open-file policy was sufficient to satisfy the requirements of the
order. We conclude there was no refusal by the trial court to enforce its discovery order
and that Appellant’s rights were not violated by the trial court permitting the State’s
witnesses to testify. Issue four is overruled.
Legal and Factual Sufficiency of Drug-free Zone Enhancement
          By issues five and six, Appellant asserts the evidence is legally and factually
insufficient to support the enhancement provision that he possessed marihuana in a drug-free zone. Specifically, he contends the State never offered proof delineating the real
property necessary for a determination that he committed the offense in a drug-free zone
nor proof of the nature of the property relationship necessary for a determination that he
committed the offense in a drug-free zone. Appellant does not, however, challenge the
sufficiency of the evidence to support possession. Relying on § 481.135 of the Texas
Health and Safety Code, which allows the State to introduce a map produced or
reproduced by a municipal or county engineer for establishing the location and boundaries
of a drug-free zone, and the fact that the State did not offer such a map, Appellant
maintains the State failed to meet its burden. We disagree.
          The State was required to prove that Appellant intentionally and knowingly
possessed the stated quantity of marihuana within 1,000 feet of real property that is owned,
rented, or leased by a school or school board. See Tex. Health & Safety Code Ann. §§
481.121(b)(3) (Vernon 2003) and 481.134(d)(1) (Vernon Supp. 2008). 
          In determining the legal sufficiency of the evidence to support proof of punishment
enhancement, we determine whether a rational trier of fact could have found beyond a
reasonable doubt that the enhancement provision is true. Jackson v. Virginia, 443 U.S.
307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Hooper v. State, 214 S.W.3d
9, 13 (Tex.Crim.App. 2007); Coleman v. State, 145 S.W.3d 649, 652 (Tex.Crim.App. 2004). 
In conducting a factual sufficiency review, we view the evidence in a neutral light and
reverse only if we conclude, from some objective basis in the record, that the great weight
and preponderance of evidence contradicts the fact finder’s determination. Watson v.
State, 204 S.W.3d 404, 414, 417 (Tex.Crim.App. 2006). In conducting our review, we must
discuss the evidence that the appellant contends most undermines the jury’s verdict. Sims
v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003). The principles of Malik v. State, 953
S.W.2d 234 (Tex.Crim.App. 1997), apply equally to the affirmative findings necessary to
sustain the imposition of an enhancement provision. See Young v. State, 14 S.W.3d 748,
750 (Tex.Crim.App. 2000).                                 
          We must determine whether a rational trier of fact could have found beyond a
reasonable doubt that Appellant possessed marihuana within 1,000 feet of real property that
is owned, rented, or leased by a school or school board. Officer Martinez testified that he
measured the distance between where Appellant was arrested and a nearby school, San
Jacinto Elementary School. Diagraming the straight line distances from where Appellant
was arrested to San Jacinto Elementary School, of 182 feet in one direction and 725 feet
in another direction, with the two directions being at a right angle to one another, and then
calculating the hypotenuse, Martinez testified that the distance between where Appellant
was arrested and the school was approximately 747 feet. 
          Appellant argues that the State was required to provide a sufficient description by
which the land may be identified, i.e., monuments, maps and lot numbers, stated
occupancies, metes and bounds, or quantity, and that its “straight line distance” is
insufficient to support enhancement of punishment.
          The State is not required to admit into evidence deeds or maps showing that a
location is school property. See Fluellen v. State, 104 S.W.3d 152, 159-60
(Tex.App.–Texarkana 2003, no pet.). The State may rely on any other evidence or
testimony to establish any element of an offense for which punishment is increased under
§ 481.134. See § 481.135(d)(1). See also Fluellen, 104 S.W.3d at 160. Additionally, the
name of the premises alone may be sufficient to raise a presumption that the property is a
private or public school. Id. at 754. Officer Martinez’s testimony that Appellant was
arrested within 1,000 feet of San Jacinto Elementary is legally and factually sufficient to
support punishment enhancement for possession of marihuana in a drug-free zone. Issues
five and six are overruled.
 

                                        Right to Confrontation of Witnesses
          By issue seven, Appellant asserts he was denied his right to confront witnesses
against him through the introduction of hearsay testimony regarding the county where the
offense was alleged to have occurred. We disagree.
          While establishing venue during direct examination of both officers, the prosecutor
asked which county San Jacinto Park was located in to which both responded, “Potter
County.” Defense counsel objected to both officers’ testimony based on hearsay and took
the witnesses on voir dire to determine the basis of their knowledge of the location of the
park. Officer Martinez testified that he had knowledge of the Potter County boundaries from
a sign on the freeway. Officer Chappel testified that his knowledge was based on a map
and his experience working north of Interstate 40, which is Potter County. Appellant argues
that because the sign relied upon by Martinez and the map relied upon by Chappel were
nothing more than some other person’s representations, then Martinez’s and Chappel’s
testimony were hearsay. He then argues that the trial court’s admission of this hearsay
testimony denied him the right to confront the person who originally declared the boundaries
of Potter County.
          Venue in a criminal case need only be proven by a preponderance of the evidence. 
Tex. Code Crim. Proc. Ann. art. 13.17 (Vernon 2005). Proof of venue may be established
through direct or circumstantial evidence. Hernandez v. State, 198 S.W.3d 257, 268
(Tex.App.–San Antonio 2006, pet. ref’d). Additionally, admission of evidence is reviewed
for abuse of discretion. McDonald v. State, 179 S.W.3d 571, 576 (Tex.Crim.App. 2005). 
          Hearsay is a statement made by someone other than the witness, offered in
evidence to prove the truth of the matter asserted. Tex. R. Evid. 801(d). The testimony of
Officers Martinez and Chappel to the effect that San Jacinto Park is located in Potter
County is not hearsay. Here, the officers were merely testifying from their personal
knowledge and that testimony was subject to cross-examination. This evidence was
sufficient for a jury to find by a preponderance of the evidence that venue of the offense
was Potter County. We conclude the trial court did not abuse its discretion in admitting
either officers’ testimony regarding venue. Issue seven is overruled.
Conclusion
          Having overruled all seven of Appellant’s issues, the trial court’s judgment is
affirmed.
                                                                           Patrick A. Pirtle

                                                                                 Justice

 
Do not publish.